STATE of Utah, Plaintiff and Appellee,

v.

David L. MILLS, Defendant
and Appellant.

No. 940324–CA.

Court of Appeals of Utah.

June 15, 1995.

Jeffrey P. Gleave, Hunt & Gleave, Richfield, for appellant.

Marian Decker, Asst. Atty. Gen., Jan Graham, State Atty. Gen., Salt Lake City, for appellee.

Before BILLINGS, JACKSON and WILKINS, JJ.

## OPINION

WILKINS, Judge:

David L. Mills appeals the trial court's denial of his motion to withdraw his guilty pleas to charges of attempted riot and attempt to injure a jail, both class A misdemeanors. We reverse and remand.

### BACKGROUND

On August 9, 1993, several inmates at the Central Utah Correctional Facility in Gunnison, Utah refused orders to "rack in" their cells, behaving instead in a riotous manner, damaging the facility and other prison property.

Twenty-one inmates were charged with various criminal violations arising from the incident. Mills was charged with riot, a third-degree felony under sections 76–9–101 and 76–2–202 of the Utah Code, and with injuring a jail, a third-degree felony under sections 76–8–418 and 76–2–202 of the Utah Code.

At a preliminary hearing held January 5, 1994, the trial court bound Mills over for trial along with four codefendants, ordering them to stand trial together.[1] The codefendants were arraigned on January 20, 1994, at which time Mills pleaded not guilty to the charges against him. Trial was set for March 21, 1994.

On March 21, a jury was empaneled and sworn. The trial court then heard and ruled on various motions without the jury present and called a recess. During the break, the prosecution offered a plea bargain to Mills and his two remaining codefendants. As part of the arrangement, the prosecution offered to drop the felony charges against the defendants if the defendants agreed to plead guilty to *attempting* to commit the crimes with which they were originally charged, reducing each of the offenses to class A misdemeanors pursuant to sections 76–4–101 and –102 of the Utah Code. The prosecution conditioned the availability of this plea agreement on acceptance of it by all the codefendants. If any one of the three defendants did not accept the plea bargain, none of the defendants could.

After the recess and still outside the jury's presence, the prosecutor informed the trial court that the prosecution would amend the charges to class A misdemeanors and that the defendants would plead guilty to those charges. The record shows that the proceedings then continued as follows:

THE COURT: The defendants have been advised that a Class–A Misdemeanor is a crime punishable by a term not to exceed one year in the county jail, or a fine up to $2,500, or both; is that correct?

PROSECUTOR: Yes.

. . . .

THE COURT: [Defense Counsel,] is that your bargain?

DEFENSE COUNSEL: Yes, it is, Your Honor.

. . . .

THE COURT: Mr. David Mills, did you hear the statement of counsel?

MILLS: Yes.

THE COURT: Is that your bargain?

MILLS: Yes.

The trial court then had the prosecutor explain, for the record, the events leading to these criminal charges. After hearing the events recited, the trial court continued:

1. These codefendants were also charged with riot and various other criminal violations.

THE COURT: Anything else, [Defense Counsel]?

DEFENSE COUNSEL: No, Your Honor.

THE COURT: All Right. The Court finds that these defendants have all been advised of their constitutional rights, heretofore.

I advised them of the consequences of the matter before the Court, which are basically if they enter a plea of guilty, they're each entering a plea of guilty to two Class–A Misdemeanors; that [the sentences] can be either consecutive or concurrent—that means follow each other. That's the recommendation of the attorneys.

It's up to me. I must advise the defendants that I determine what the punishment is, but I generally follow the recommendations of counsel, if there is a stipulation. The Court will approve the stipulation on the parties in this matter. I'll ask the defendants to each please stand.

. . . .

THE COURT: . . . . Mr. David Mills, as to Count No. 1 riot, amended to a Class–A Misdemeanor, what is your plea? Guilty? or not guilty?

MILLS: Guilty.

THE COURT: I didn't hear.

MILLS: Guilty.

THE COURT: The record should indicate that David L. Mills enters a plea of guilty to the said Class–A Misdemeanor. . . .

. . . .

THE COURT: . . . . Mr. David Mills, as to the amended Count No. 4, injuring a jail, a Class–A Misdemeanor, what is your plea?

Guilty? or not guilty?

MILLS: Guilty.

THE COURT: Mr. David Mills enters a plea of guilty to the amended Count No. 4.

The defendants then waived their statutory right to defer sentencing, and the trial court gave each defendant a chance to make a statement prior to the sentencing:

THE COURT: . . . . Mr. David Mills, it's my duty to advise you that you have the right to make a statement, if you have any reason, why the Court should not pronounce sentence or anything else you want to say, I'd be glad to hear it at this time.

MILLS: No. No, Your Honor.

The trial court then sentenced Mills to one year in the county jail on each of the two counts, the terms to run concurrently and to commence as of August 9, 1993.

On April 18, 1994, Mills filed a motion to withdraw his guilty pleas. Mills alleged that he did not want to accept the plea agreement and did so under duress because he feared retaliation from his fellow inmates and codefendants, who wanted to accept the plea agreement but would not be allowed to if Mills did not accept it. He also alleged that counsel of his codefendants led him to believe that the jury was prejudiced against him, further compelling him to plead guilty involuntarily. Finally, he alleged that the trial court failed to strictly comply with Rule 11 of the Utah Rules of Criminal Procedure in accepting the pleas.

The trial court subsequently denied the motion to withdraw the pleas. Mills appeals that decision.

## ANALYSIS

"A plea of guilty . . . may be withdrawn only upon good cause shown and with leave of the court." Utah Code Ann. § 77–13–6(2)(a) (1990). We generally review a trial court's denial of a motion to withdraw such a plea under an abuse of discretion standard. See State v. Brocksmith, 888 P.2d 703, 704 (Utah App.1994). However, if the trial court failed to strictly comply with Rule 11 of the Utah Rules of Criminal Procedure in taking the defendant's guilty plea, and subsequently denies the withdrawal of the plea, the trial court has exceeded its permitted range of discretion as a matter of law. See State v. Gibbons, 740 P.2d 1309, 1312–14 (Utah 1987); State v. Jennings, 875 P.2d 566, 569 (Utah App.1994); see also Brocksmith, 888 P.2d at 704 n. 1 (indicating that trial court's failure to comply strictly with Rule 11

in accepting guilty plea is good cause, as matter of law, for withdrawal of plea).

## I. Preservation of Error for Appeal

■ The State argues that Mills did not adequately raise the issue of the trial court's compliance with Rule 11 at the hearing on Mills's motion to withdraw the pleas, thus failing to preserve the issue for appeal. *See Oquirrh Assocs. v. First Nat'l Leasing Co.,* 888 P.2d 659, 665 n. 4 (Utah App.1994) (holding that issue not properly argued before trial court was not preserved for appeal); *Salt Lake County v. Carlston,* 776 P.2d 653, 655 (Utah App.1989) (holding that before appellant may advance issue on appeal, record must clearly show that issue was presented to trial court in manner sufficient to obtain ruling thereon). The State urges this court not to address the issue for the first time on appeal.

After a careful examination of the record, we conclude that the issue of Rule 11 compliance was sufficiently brought to the trial court's attention. At the conclusion of the hearing on Mills's motion to withdraw the pleas, but before the trial court ruled on the motion, defense counsel for Mills raised the issue:

DEFENSE COUNSEL: One other item, Your Honor. At this time we do not wish to address a strict compliance with Rule 11 of the Utah Rules of Criminal Procedure. However, we would like to reserve that procedure, if this ruling [on the motion to withdraw the pleas] is adverse to us today.

THE COURT: Adverse [to] what issue? Tell me what you're talking about. Get specific. You claim I didn't comply with Rule 11?

DEFENSE COUNSEL: I don't want to claim that right now, but I would like to reserve that, Your Honor.

THE COURT: Well, you were present. Didn't I ask you at one time if there was any reason why I should not sentence them?

DEFENSE COUNSEL: Yes, you did, Your Honor.

THE COURT: You told me there was no reason; isn't that what you told me?

DEFENSE COUNSEL: Yes, I believe I did.

THE COURT: Now you don't want to be bound by that.

DEFENSE COUNSEL: No. I don't want to bound by whether—

THE COURT: All right. Anything else?

DEFENSE COUNSEL: No.

THE COURT: All right. Do you want to argue the matter?

PROSECUTOR: I submit it, Your Honor. I believe there's been compliance with Rule 11.

The trial court then ruled on the matter orally: "The motion to withdraw the plea is denied. I don't see any reason that I should allow the plea to be withdrawn. I advised them of their constitutional rights. In my opinion that [plea] was voluntarily [entered]."

While Mills's counsel may have been simply trying to reserve the issue of Rule 11 compliance, the trial court clearly wanted to address the merits and dispose of the issue. The fact that the trial court dismissed, out of hand, the notion of its noncompliance with Rule 11 does not mean the court did not have an opportunity to consider and rule on the matter. The trial court asked questions to get at what it perceived as the heart of the matter. Satisfied with the answers, the trial court asked opposing counsel whether he wanted to argue the Rule 11 issue. Finally, the trial court ruled on the Rule 11 question. In addition to the trial court's statements at the close of the hearing, the trial court made a specific finding concerning Rule 11 in its written order denying the motion:

4) [A]t the time of accepting the plea the Court, on the record, and in the presence of the Defendant and his attorney advised him of his rights under Rule 11 of the Utah Rules of Criminal Procedure and specifically asked the Defendant and his attorney if there was any reason why he should not accept a plea. Defendant's counsel and Defendant affirmatively stated that there was no reason.

We therefore hold that the issue of Rule 11 compliance was properly preserved for appeal, and we will consider the merits of Mills's argument that the trial court did not comply with Rule 11 in accepting Mills's guilty pleas.

## II. Compliance with Rule 11

Rule 11(e) of the Utah Rules of Criminal Procedure mandates in part:

> The court ... may not accept the [guilty] plea until the court has found:
>
> ....
>
> (2) the plea is voluntarily made;
>
> (3) the defendant knows of the right to the presumption of innocence, the right against compulsory self-incrimination, the right to a speedy public trial before an impartial jury, the right to confront and cross-examine in open court the prosecution witnesses, the right to compel the attendance of defense witnesses, and that by entering the plea, these rights are waived;
>
> (4) the defendant understands the nature and elements of the offense to which the plea is entered, that upon trial the prosecution would have the burden of proving each of those elements beyond a reasonable doubt, and that the plea is an admission of all those elements;
>
> ....

Utah R.Crim.P. 11(e).

Our supreme court, in *State v. Gibbons*, 740 P.2d 1309 (Utah 1987), specifically addressed the trial courts' obligations under Rule 11, providing detailed guidance to the lower courts.[2] The *Gibbons* court declared that "Rule 11(e) squarely places on trial courts the burden of ensuring that constitutional and Rule 11(e) requirements are complied with when a guilty plea is entered." *Id.* at 1312. This burden " 'demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences.' " *Id.* (quoting *Boykin v. Alabama*, 395 U.S. 238, 243–44, 89 S.Ct. 1709, 1712–13, 23 L.Ed.2d 274 (1969)).

In addition, Utah courts have further established that "[i]t is critical ... that strict Rule 11 compliance be demonstrated *on the record* at the time the guilty ... plea is entered." *State v. Smith*, 812 P.2d 470, 477 (Utah App.1991) (emphasis added). This requires the trial court to engage in a "plea colloquy" with the defendant to ensure that the requirements of Rule 11(e) are fulfilled and that the defendant's plea is knowingly and voluntarily entered. *See Gibbons*, 740 P.2d at 1314; *Smith*, 812 P.2d at 477; *State v. Pharris*, 798 P.2d 772, 775–76 (Utah App. 1990); *State v. Valencia*, 776 P.2d 1332, 1334–35 (Utah App.1989).

Our review of the record[3] reveals that, when accepting Mills's pleas, the trial court (1) failed to determine Mills's understanding of the nature and elements of the offenses to which he pleaded guilty, (2) failed to inform Mills of his constitutional rights, and that by entering the pleas he waived these rights, and (3) failed to adequately determine the voluntariness of Mills's pleas.[4]

2. The supreme court issued what it termed "a statement of the law concerning the taking of guilty pleas in all trial courts in this state." *Gibbons*, 740 P.2d at 1312.

3. In this case, no plea affidavit was used, and the trial court's brief colloquy with Mills appears virtually in its entirety in the Background section of this opinion.

4. Based on the conversation between the trial court and defense counsel at the hearing on Mills's motion to withdraw his pleas, we presume that the trial court relied on defense counsel to ensure that Mills entered his pleas knowingly and voluntarily. However, "[t]rial courts may not rely on defense counsel ... to satisfy the specific requirements of Rule 11(e). Rather, with or without ... defense counsel's advice, the trial court must conduct an on-the-record review with defendant of the Rule 11(e) requirements." *Pharris*, 798 P.2d at 776 (citation omitted) (quoting *State v. Vasilacopulos*, 756 P.2d 92, 94 (Utah App.1988)).

We note, however, that "[w]hen plea affidavits are properly incorporated in the record (as when the trial judge ascertains in the plea colloquy that the defendant has read, has understood, and acknowledges all the information contained therein), they may properly form a part of the basis for finding rule 11 compliance." *State v. Maguire*, 830 P.2d 216, 217 (Utah 1991). Even then, "[i]t is not sufficient [for the trial court] to assume that defense attorneys make sure that

In order "to make a knowing guilty plea, the defendant must understand the elements of the crimes charged and the relationship of the law to the facts." *Gibbons*, 740 P.2d at 1312. This is the requirement of Rule 11(e)(4). At the time of taking Mills's pleas, the trial court made no effort to inquire into Mills's understanding of the offenses to which he pleaded guilty. The record does not indicate whether Mills understood the nature and elements of the crimes with which he was originally charged. More importantly, nowhere on the record was Mills ever informed of the elements of criminal attempt to commit those other crimes. "Failure to inform a defendant of the nature and elements of the offense is fatal to a guilty plea conviction." *Pharris*, 798 P.2d at 777.

Furthermore, Rule 11(e)(3) requires the trial court to inform a defendant of his specific constitutional rights and that by pleading guilty, he waives these rights. Again, the record fails to demonstrate fulfillment of this requirement at the time the plea was taken. The trial court did inform Mills of his constitutional rights at his arraignment hearing on January 20, more than two months prior to Mills's pleading guilty. Even so, nowhere in the record was Mills informed that he was waiving his constitutional rights by entering pleas of guilty.

Finally, Rule 11(e)(2) requires the trial court to find that "the plea is voluntarily made." We consider the trial court's attempt to determine voluntariness to be wholly inadequate. The trial court never asked Mills if he was acting voluntarily. Even then, "[m]ere general questions which ask whether a plea is 'voluntary' are insufficient under Rule 11." *Valencia*, 776 P.2d at 1335. In light of the facts that no plea affidavit was used and that the plea bargain was an "all-or-none" deal for the codefendants, the trial court in this case faced a heightened responsibility to ensure that Mills was acting of his own accord.

Based on our review of the record, we conclude that the trial court failed to strictly comply with Rule 11(e) in accepting Mills's guilty pleas. Accordingly, the trial court erred in denying Mills's motion to withdraw his pleas.

## CONCLUSION

Mills properly preserved the issue of Rule 11 compliance for appeal. The trial court had a fair opportunity to consider the Rule 11 issue and did, in fact, rule on the matter.

Our review of the record reveals that the trial court failed to strictly comply with Rule 11 of the Utah Rules of Criminal Procedure, as required under *Gibbons*, when the court accepted Mills's guilty pleas. Accordingly, the trial court was bound by law to grant Mills's motion to withdraw his pleas, and the court exceeded the permitted range of its discretion, as a matter of law, in denying the motion.

We reverse the trial court's decision, grant Mills's motion to withdraw the guilty pleas, vacate Mills's convictions of attempted riot and attempt to injure a jail, and remand to the trial court for further proceedings consistent with this opinion.

BILLINGS and JACKSON, JJ., concur.

their clients fully understand the contents of the [plea] affidavit." *Gibbons*, 740 P.2d at 1313.