1999 UT App 019

**STATE of Utah, Plaintiff and Appellee,**

v.

**Brad VISSER, Defendant and Appellant.**

**No. 971760–CA.**

Court of Appeals of Utah.

Jan. 28, 1999.

---

4. The reasonableness and amount of the attorney fees are not at issue in this appeal.

Margaret H. Olson, Salt Lake City, for Appellant.

Jan Graham and Joanne C. Slotnik, Salt Lake City, for Appellee.

Before WILKINS, P.J., GREENWOOD, Associate P.J., and BENCH, J.

## OPINION

GREENWOOD, Associate Presiding Judge:

¶ 1 Defendant Brad Visser appeals the trial court's denial of his motion to withdraw his 1997 guilty plea to Rape, claiming that in taking his plea, the trial court did not strictly comply with Rule 11(e) of the Utah Rules of Criminal Procedure. We reverse the trial court's denial of defendant's motion to withdraw his plea and remand for further proceedings.

## BACKGROUND

¶ 2 On October 16, 1996, defendant was charged by information with Aggravated Sexual Assault of a sixteen-year-old girl. Aggravated Sexual Assault is a first degree felony carrying a minimum mandatory sentence. At the time of the alleged incident, defendant was seventeen years old and was accordingly charged in the juvenile court.

¶ 3 Pursuant to the Serious Youth Offender provisions of Utah Code Ann. § 78–3a–602 (1996), defendant was bound over to the district court, after a preliminary hearing in juvenile court. Defendant consistently stated he would not accept plea offers from the prosecution. However, on the eve of trial, two of defendant's key witnesses refused to testify. At trial, the victim denied writing a note that defendant alleged she authored and that defendant's counsel hoped to use for impeachment. After the victim denied authoring the note, defendant's trial counsel abruptly called for a recess, during which he urged defendant to plead guilty to rape. After discussion with his counsel, defendant decided to accept the plea.

¶ 4 Following this one hour recess, the trial court conducted a plea colloquy with defendant. The relevant portion of the plea colloquy follows:

THE COURT: I need to make sure that you understand your legal and constitutional rights before I can permit you to plead guilty. Do you understand that you have the right to be presumed innocent?

DEFENDANT: Yes, sir.

THE COURT: Do you understand that we were right in the process of having a trial. You have a right to continue that trial through to a jury verdict—and which could be a verdict of acquittal of any charge or could be a conviction for aggravated sexual assault, or any one of [a] number[ ] of things in between, forcible sexual abuse, attempted rape, rape are all possibilities that the jury might reach. Do you understand that?

DEFENDANT: Yes, sir.

THE COURT: Do you understand that you have the right to go through with that trial and—and you would have the right to see that that trial is conducted fairly and properly?

DEFENDANT: Yes, sir.

THE COURT: Do you understand that you would have the right to testify if you wanted to, and you wouldn't have to testify if you didn't want to?

DEFENDANT: Yes, sir.

THE COURT: Do you understand that if you elected not to testify, you would have the right to have the jury instructed that they're not to hold that against you, they're not to consider that as any evidence of guilt?

DEFENDANT: Yes, sir.

THE COURT: Do you understand that you have the right to be present here in court as the witnesses testify against you and have your lawyer cross-examine them?

DEFENDANT: Yes, sir.

THE COURT: Do you understand that we would make sure that your witnesses attend the trial?

DEFENDANT: Yes, sir.

THE COURT: Do you understand that when you plead guilty, you give up all of these rights because these are all associated with having a trial and you're not going to have a trial if you plead guilty. Do you understand that[?]

DEFENDANT: Yes, sir.

. . . .

THE COURT: Okay. All right. Is this your decision?

DEFENDANT: Yes.

THE COURT: Have you taken this decision of your own free will and choice?

DEFENDANT: Yes, sir.

Following this exchange, defendant pleaded guilty to Rape, a first degree felony, in violation of Utah Code Ann. § 76–5–402 (1995). The trial court found that in so pleading, defendant was aware of his legal and constitutional rights, that he had "freely and voluntarily waived those rights," that the plea was knowing and voluntary, and that there was a factual basis for the plea. Before sentencing, however, defendant fired his trial counsel, engaged new counsel, and timely moved to withdraw his guilty plea. *See* Utah Code Ann. § 77–13–6 (1995) (stating request to withdraw guilty plea must be made within thirty days after entry of plea). On August 8, 1997, the trial court held a hearing on defendant's motion to withdraw the guilty plea (the withdrawal hearing), at which both defendant and his trial counsel testified.

¶ 5 After the withdrawal hearing, the trial court entered findings of fact. The trial court found defendant's testimony about his state of mind and lack of understanding when he entered his guilty plea "to not be credible." The trial court also entered the following findings which are relevant to our analysis:

28. The Court finds that when this plea was taken, that Mr. Visser was in the middle of his jury trial.

29. The Court finds that Mr. Visser was present when the jury was selected, that he participated in the selection process.

30. The Court finds that Mr. Visser understood the jury selection and asked or was asking questions regarding the jurors.

31. The Court finds that Rule 11(e)(4) must be strictly complied with in the procedural context of the case.

32. The Court finds that the obligation under Rule 11 is that the questioning be relevant and understandable in relation to the particular case circumstance.

33. The Court finds Rule 11 must be applied in the context of the particular case.

34. The Court finds that it did not specifically ask if Mr. Visser understood that he had a right to a speedy trial, but in the context of Mr. Visser being in the middle of his trial asked, "do you understand that you have a right to go through with the trial, and that you have the right to see that the trial is conducted fairly and properly[?]" That this is, in the context of the case before the Court, a proper Rule 11 question.

¶ 6 The trial court entered an order denying defendant's motion to withdraw his guilty plea and this appeal followed.

### ISSUE AND STANDARD OF REVIEW

¶ 7 Defendant raises several arguments as to why the trial court should have allowed him to withdraw his guilty plea; however, we address only one—his assertion that his plea

was not taken in strict compliance with Rule 11(e) of the Utah Rules of Criminal Procedure.

¶ 8 In most cases, "[w]e review a trial court's denial of a motion to withdraw a guilty plea under an abuse-of-discretion standard." *State v. Blair,* 868 P.2d 802, 805 (Utah 1993). Consequently, "[t]he trial court's findings of fact made in conjunction with its decision will not be set aside unless they are clearly erroneous." *Id.; see also State v. Penman,* 964 P.2d 1157, 1160 (Utah Ct.App.1998). However, "if the trial court failed to strictly comply with Rule 11 ... in taking the defendant's guilty plea, and subsequently denies the withdrawal of the plea, the trial court has exceeded its permitted range of discretion as a matter of law." *State v. Mills,* 898 P.2d 819, 821 (Utah Ct. App.1995).

## ANALYSIS

¶ 9 "A plea of guilty ... may be withdrawn only upon good cause shown and with leave of the court." Utah Code Ann. § 77–13–6(2)(a) (1995). Although we afford a plea of guilty a strong presumption of validity, presentence motions to withdraw a guilty plea are, generally, to be liberally granted. *See State v. Gallegos,* 738 P.2d 1040, 1042 (Utah 1987); *State v. Thorup,* 841 P.2d 746, 747 (Utah Ct.App.1992), *cert. denied,* 853 P.2d 897 (1993). Nonetheless, "one who would set a plea aside has the burden of proving that there is a legal ground for doing so." *State v. Thurston,* 781 P.2d 1296, 1301 (Utah Ct.App.1989).

¶ 10 Defendant argues that the trial court did not strictly comply with Rule 11(e) in accepting his guilty plea. He claims his plea was entered involuntarily because he was not advised of his right to a speedy trial before an impartial jury, or that he was waiving this right by pleading. Therefore, defendant urges us to reverse the trial court's denial of his motion to withdraw his guilty plea.

¶ 11 The State counters that the trial court strictly complied with Rule 11 in taking defendant's guilty plea. The State argues that, under the particular circumstances of this case—because the plea was taken midway

through trial—the trial court was not required to recite the defendant's right to a "speedy public trial before an impartial jury" as articulated in Rule 11(e)(3). Therefore, the State contends, defendant should not be allowed to withdraw his plea.

¶ 12 Rule 11(e) of the Utah Rules of Criminal Procedure states:

The court ... may not accept the [guilty] plea until the court has found:

. . . .

(2) the plea is voluntarily made;

(3) the defendant knows of the right to the presumption of innocence, the right against compulsory self-incrimination, *the right to a speedy public trial before an impartial jury,* the right to confront and cross-examine in open court the prosecution witnesses, the right to compel the attendance of defense witnesses, and that by entering the plea, these rights are waived;

. . . .

Utah R.Crim. P. 11(e) (emphasis added).

¶ 13 In *State v. Gibbons,* 740 P.2d 1309, 1313–14 (Utah 1987), the Utah Supreme Court held that trial judges are responsible for strict compliance with Rule 11(e). "Rule 11(e) squarely places on trial courts the burden of ensuring that constitutional and Rule 11(e) requirements are complied with when a guilty plea is entered." *Id.* at 1312. This burden " 'demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence.' " *Id.* (quoting *Boykin v. Alabama,* 395 U.S. 238, 243–44, 89 S.Ct. 1709, 1712–13, 23 L.Ed.2d 274 (1969)).

¶ 14 Utah courts have also held that "[it] is critical ... that strict Rule 11 compliance be demonstrated on the record at the time the guilty ... plea is entered." *State v. Smith,* 812 P.2d 470, 477 (Utah Ct.App.1991), *cert. denied,* 836 P.2d 1383 (1992). Although a rigid colloquy or rote recitation of the elements of Rule 11 is not required, *see State v. Abeyta,* 852 P.2d 993, 996 (Utah 1993); *State v. Maguire,* 830 P.2d 216, 218 (Utah 1991), a record of compliance with Rule 11(e) must nonetheless be established by means of a

plea colloquy between the trial court and the defendant, at which the trial court must ensure that the defendant's guilty plea is knowingly and voluntarily entered. *See Gibbons*, 740 P.2d at 1314. Rule 11(e) "requires the trial court [during the plea colloquy] to find that seven detailed and specific criteria have been fulfilled." *Maguire*, 830 P.2d at 218. It is imperative that "no requirement of the rule" be omitted by the trial court. *Id.*

¶ 15 Furthermore, there is no exception in Utah case law to the strict compliance requirement when the plea is taken after commencement of trial. If there is no written plea affidavit, the trial court must assure, in colloquy with a defendant, on the record, that Rule 11(e) is satisfied. *See Gibbons*, 740 P.2d at 1314. In *State v. Mills*, 898 P.2d 819, 823–24 (Utah Ct.App.1995), this court applied the *Gibbons* test to a plea taken after the jury was impaneled and sworn. The court noted that "[i]n light of the fact that no plea affidavit was used ... the trial court in this case faced a heightened responsibility to ensure that [the defendant] was acting of his own accord." [1] *Id.* at 824.

¶ 16 Our review of the record in this case reveals that when the trial court accepted defendant's plea, it: (1) failed to inform defendant of his constitutional right to trial by an impartial jury; (2) failed to inform defendant of his constitutional right to a speedy trial; and (3) failed to ensure defendant understood that, by entering his plea, he was waiving these rights.

¶ 17 The record also reveals that although the jury had been impaneled, and defendant testified he understood he "had to have a jury," the trial court did not specifically inform defendant during the plea colloquy of his right to a *speedy trial* before an *impar-*

tial jury, as required by Rule 11(e). Further, observing seating of a jury and commencement of trial does not necessarily mean a defendant then waives any right to question the impartiality of the jury or speediness of the trial. A knowing guilty plea, however, requires that a defendant be informed of his rights and understand that those rights are waived by virtue of the plea—even in the "context of [this] particular case" where the plea was taken mid-trial.[2]

¶ 18 Because the trial court failed to inform defendant of his constitutional rights to a speedy trial before an impartial jury, we conclude that it failed to strictly comply with Rule 11(e) in accepting defendant's guilty plea, and, thus, abused its discretion in denying defendant's motion to withdraw his plea.

## CONCLUSION

¶ 19 The trial court failed to strictly comply with Rule 11 of the Utah Rules of Criminal Procedure, as required under *Gibbons* and other precedent, when it accepted defendant's guilty plea. Thus, the trial court was required to grant defendant's motion to withdraw his plea and exceeded its discretion in denying the motion.

¶ 20 We reverse the trial court's order denying defendant's motion to withdraw his guilty plea, and remand to the trial court to allow defendant to withdraw his guilty plea if he still wishes to do so and for further proceedings consistent with this opinion. *See State v. Maguire*, 957 P.2d 598, 600 (Utah 1998).

WILKINS, Presiding Judge (concurring):

¶ 21 While I concur in the opinion of the court, I do so with a sense that great caution need be applied to guard against any over-

---

1. A signed plea affidavit indicates, among other things, that a defendant has discussed with counsel the rights being forfeited by a guilty plea and has read the affidavit prior to signing it. A trial judge must then review those rights again with a defendant on the record to ensure the plea is knowing and voluntary. Without the plea affidavit, the burden is entirely on the trial judge to describe the process and rights a defendant is giving up—hence the "heightened responsibility."

2. The trial court's reasoning—that the right to a speedy trial before an impartial jury was self-evident because the trial had started—would apply equally to other rights enumerated in Rule 11(e)(3), such as the right against compulsory self-incrimination and the right to cross-examine witnesses. Whether before trial or mid-trial, a defendant must understand he or she is entitled to the protections of those rights throughout the trial process and the opportunity to appeal if those rights are abrogated and that by pleading guilty, those rights are forfeited.

broad reading of our holding in this case. The defendant argues that our holding in *State v. Mills*, 898 P.2d 819 (Utah Ct.App. 1995), somehow requires the trial court, in conducting the plea colloquy, to assure the defendant has been advised not only of the elements of the charge to which the plea is to be entered, but also elements of other charges that may have been part of the action to that point. This is incorrect. *Mills* noted that the trial court had not even addressed the underlying elements of riot, much less the additional elements of attempted riot, when accepting a plea from the defendant. *See id.* at 824. Our point in *Mills* was simply that the defendant must understand all of the elements of attempted riot, the offense to which the defendant was entering a plea, to be in strict compliance with Rule 11(e). The rule does not require more, nor do we.

¶ 22 Of perhaps greater concern to me is the length to which we are required to go here to assure the defendant has had his rights properly protected. The trial court, in an honest and understandable effort to use language appropriate for the age and sophistication of the defendant, chose phrases that were somewhat more simple and direct regarding the nature of the rights implicated by the guilty plea. Rule 11 provides for exactly just such wisdom and discretion on the part of the trial judge. Who better than the trial judge to look the defendant in the eye and conduct the conversation necessary for the trial court to be convinced that the defendant understands his rights? A Rule 11 colloquy is most properly considered an active investigation of limited facts by the trial judge, those specified in the rule itself. It is not to be a rote and meaningless drill of language similar to how television and films have come to portray the giving of *Miranda* rights.

¶ 23 In this case, the trial court used what in my opinion was perfectly adequate language to explain to this defendant, under these circumstances, those legal concepts encompassed by the provisions of Rule 11(e). In fact, had the record reflected the trial court's belief that he had covered each of these rights in a manner sufficient for the

defendant to understand them, I would have been willing to affirm the trial court's denial of the motion to withdraw the guilty plea on that basis. However, as the trial judge candidly admitted both from the bench in ruling on the motion to withdraw the plea, and in his later written ruling on objections arising from that hearing, the defendant was simply not informed of his rights to a speedy public trial before an impartial jury. The expressed reason for this omission by the trial court was to avoid engendering confusion in the defendant about rights greater than those he had already enjoyed with the beginning of the trial in which then engaged.

¶ 24 This concern probably could have been addressed in alternative ways, to include simply telling the defendant that he had a right to a speedy public trial before an impartial jury, and that such a trial was then in progress.

¶ 25 Unfortunately, whether the defendant understood these additional rights at the time the plea was entered, or not, becomes irrelevant to the legal result. A trial court must strictly comply with Rule 11. Under Rule 11(e)(3) the court may not accept a guilty plea until the court has found that the defendant knows of the right to a speedy public trial before an impartial jury. The court must make some inquiry on the point with the defendant prior to accepting the plea, and must reach the appropriate finding on the issue in order to proceed with the plea.

¶ 26 With the best of intentions, the trial court here chose not to inquire on the point with this defendant. That failure is fatal to the plea colloquy.

¶ 27 Our system of laws lays at the feet of the taxpayers, and on the shoulders of a young woman in this case who has been required twice before to tell the details of what she believes to have been a rape, the costs of protecting the rights of the innocent. In this instance, the defendant will be allowed to withdraw his guilty plea. He will be retried by the taxpayers, and the victim will be asked again to testify. The defendant may be charged with other crimes allowed to go unprosecuted as a result of the plea bargain, and may be charged with and convicted

of a more serious offense than that to which he has pleaded guilty previously. And he may be acquitted by an impartial jury in a speedy and public trial.

¶ 28 Once the plea is withdrawn, the defendant is presumed innocent in our system of laws. The "technicalities" by which we have today rewritten the history of this case are the same technicalities envisioned by the framers of our state and national constitutions to protect all innocent persons. Ages ago we decided as a people, when we adopted those constitutions, that if the law cannot be perfect we would rather err on the side of letting the occasional guilty person go free, rather than locking up for years the occasional innocent person.

BENCH, Judge (dissenting):

¶ 29 In the typical case, the trial court must apprise the defendant of all the Rule 11 rights he or she waives by entering a plea before trial. *See* Utah R.Crim. P. 11(e); *State v. Gibbons,* 740 P.2d 1309, 1313–14 (Utah 1987). Here, however, defendant entered his guilty plea midtrial. Defendant has already been granted the right to a speedy trial before an impartial jury. As the trial court observed, "Since defendant's trial had already started without any complaint about its 'speediness' or its 'publicness,' and the jury [was] selected without any complaints about 'impartiality,' defendant had already received those rights." I believe the trial court has strictly complied with all the relevant Rule 11 requirements.

¶ 30 The Utah Supreme Court previously chastised this court for taking a "rigid view" of its strict compliance test. *See State v. Maguire,* 830 P.2d 216, 218 n. 2 (Utah 1991). As noted by the trial court, a rigid application of all the Rule 11 provisions in this case would only confuse the defendant. It would be wrong, for example, to suggest that defendant has some entitlement to another speedy trial before another impartial jury when accepting his guilty plea midtrial. The trial court therefore modified the colloquy normally used to insure that defendant entered his plea knowingly and voluntarily, and the court so found.

¶ 31 The Utah Supreme Court has also stated that complying with Rule 11 should not be a thoughtless, mechanical recitation. *See id.* at 218; *State v. Abeyta,* 852 P.2d 993, 996 (Utah 1993). Yet the trial court in this case is faulted for being thoughtful and not sufficiently mechanical. In the hearing on defendant's Motion to Withdraw the Plea, the trial court commented, "[M]aybe I'll never let anyone enter a plea in the middle of trial again. I surely wish right now, ... that I had never permitted [defendant] to an exception of my usual rule of allowing no pleas after the jury is summoned." Other trial courts, in trying to comply with today's decision, may take the same mechanical approach and thereby adversely affect the administration of justice.

¶ 32 My colleagues treat this case like a pretrial guilty plea, holding that because the trial court did not strictly comply with every Rule 11 provision, defendant is entitled to withdraw his plea. I am unwilling to so blindly apply the strict compliance test to guilty pleas entered during trial. I therefore find no error in the taking of defendant's plea and would affirm the trial court's judgment.