2001 UT App 215

**STATE of Utah, Appellee,**

v.

**Brad VISSER, Appellant.**

No. 971760–CA.

Court of Appeals of Utah.

July 6, 2001.

Rehearing Denied July 30, 2001.

Certiorari Denied Sept. 10, 2001.

Margaret H. Olson, Hobbs & Adonkakis, Salt Lake City, for Appellant.

Mark L. Shurtleff, Attorney General, and Joanne C. Slotnik, Assistant Attorney General, Salt Lake City, for Appellee.

Before GREENWOOD, P.J., and BENCH, and ORME, JJ.

## OPINION

GREENWOOD, Presiding Judge:

¶1 We decide this case on remand from the Utah Supreme Court. Defendant contends he was incompetent to enter a guilty plea, received ineffective assistance of counsel, and was deprived of his right to due process at the taking of his guilty plea. We affirm.

## BACKGROUND

¶2 The more detailed facts are set forth in *State v. Visser*, 1999 UT App 019, 973 P.2d 998 (*Visser I*), and *State v. Visser*, 2000 UT 88, 408 Utah Adv. Rep. 9, 22 P.3d 1242 (*Visser II*). We reiterate only the facts relevant to the issues addressed in this appeal.

¶3 On October 16, 1996, the State charged defendant with Aggravated Sexual Assault of a sixteen-year-old girl. Aggravated Sexual Assault is a first degree felony carrying a minimum mandatory sentence. Defendant was seventeen years old at the time of the alleged incident. The prosecutor offered defendant a plea bargain, in which the prosecutor would agree not to charge defendant as an adult and would recommend defendant participate in counseling rather than be subject to any lockup or incarceration, in exchange for defendant's guilty plea to a first degree felony. Contrary to the advice of his attorney, defendant refused the plea bargain. After a preliminary hearing held in the juvenile court, defendant was charged as an adult and bound over to the district court pursuant to the Serious Youth Offender Act. *See* Utah Code Ann. § 78-3a-602 (1996). Defendant continued to refuse the prosecutor's subsequent plea offers.

¶4 On the eve of trial, two of defendant's key witnesses refused to testify. In addition, at trial, the victim denied writing a note that defendant alleged she authored and that defense counsel had hoped to use for impeachment. After the victim denied authoring the note, defendant's trial counsel abruptly called for a recess, during which he urged defendant to plead guilty to Rape. Trial counsel was adamant that the trial was going badly and told defendant he believed defendant stood a very high chance of being convicted of Aggravated Sexual Assault, which carried a minimum mandatory prison term. Trial counsel explained the difference in sentencing between Aggravated Sexual Assault and Rape, and strongly urged defendant to plead guilty to Rape. Defendant was very upset, as were his family members. However, after asking some questions and requesting some time alone to consider the plea, defendant decided to accept it.

¶5 Following this one hour recess, the trial court conducted a detailed plea colloquy, and defendant pleaded guilty to Rape, a first degree felony, in violation of Utah Code Ann. § 76-5-402 (1995). Before sentencing, however, defendant fired his trial counsel, engaged new counsel, and timely moved to withdraw his guilty plea. After a hearing on August 8, 1997, at which both defendant and his trial counsel testified, the trial court entered findings of fact and denied defendant's motion to withdraw the guilty plea.

¶6 Defendant then appealed. In *Visser I*, we held that the trial court exceeded its discretion in denying defendant's motion for a new trial because the colloquy was inadequate under Rule 11. We remanded the case for further proceedings, but did not reach the remaining issues raised by defendant on appeal. *See Visser I*, 973 P.2d 998, 1999 UT App 019 at ¶20. Thereafter, the Utah Supreme Court granted certiorari, *see State v. Visser*, 982 P.2d 87, and in *Visser II*, reversed our holding in *Visser I* and remanded to this court. *See Visser II*, 22 P.3d 1242, 2000 UT 88 at ¶17. As instructed by the supreme court, we now address "the other issues Visser raised before [us in *Visser I*]." *Id.* Specifically, we consider defendant's claims that he was not competent to enter a guilty plea, that he received ineffective assistance of counsel, and that the taking of the guilty plea deprived him of his right to due process.

## ISSUES & STANDARDS OF REVIEW

¶7 Defendant claims he was incompetent to enter a plea of guilty the after-

noon of June 23, 1997. "We review a trial court's denial of a motion to withdraw a guilty plea under an 'abuse of discretion' standard, incorporating the 'clearly erroneous' standard for the trial court's findings of fact made in conjunction with that decision." *State v. Holland,* 921 P.2d 430, 433 (Utah 1996) (citation omitted). "However, the ultimate question of whether the trial court strictly complied with constitutional and procedural requirements for entry of a guilty plea is a question of law that is reviewed for correctness." *Id.*

¶ 8 Defendant also claims he received ineffective assistance of counsel. "Ineffective-assistance-of-counsel claims present a mixed question of law and fact." *Parsons v. Barnes,* 871 P.2d 516, 518 (Utah 1994). We review questions of law for correctness, granting no deference to the trial court's conclusions. *See id.* However, when reviewing questions of fact, we defer to the trial court's findings and do not set them aside unless clearly erroneous. *See id.*

¶ 9 Last, defendant contends that the trial court's taking of the guilty plea deprived him of his right to due process because he did not enter the guilty plea knowingly and voluntarily. "Whether the district court strictly complied with constitutional and procedural requirements for entry of a guilty plea is a question of law, reviewed for correctness." *State v. Martinez,* 2001 UT 12, ¶ 14, 414 Utah Adv. Rep. 51.

## ANALYSIS

### A. Competency

¶ 10 Defendant contends he was incompetent to enter the guilty plea. Defendant's arguments are based, in large part, on his affidavit and testimony. He argues he was experiencing severe stress that impaired his ability to understand what was happening, suffered from Attention Deficit Disorder, and was taking prescription medication. This information was presented at the hearing on defendant's motion to withdraw the guilty plea. The State argues the trial court's findings and the record support the trial court's determination that defendant was competent.

[4] ¶ 11 Both parties cite *State v. Holland,* 921 P.2d 430 (Utah 1996), for the applicable standard. As *Holland* states, when "determining whether a defendant is competent to plead guilty, the trial court must consider 'whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has a "rational as well as factual understanding" of the proceedings against him.' " *Id.* at 433 (citations omitted). In the present case, the trial court observed defendant at both the trial and during the subsequent hearing. The trial court also heard testimony from defendant's trial counsel. The court then entered findings of fact:

5. The Court finds the defendant to not be credible.

6. Regarding [defendant's] testimony, the Court finds that on several incidents [defendant] was pretending, pretending confusion, pretending ignorance, pretending lack of understanding. The Court finds that he understood the proceedings much better than he conceded in his testimony on August 8.

. . . .

16. The Court finds that [defense counsel] was given the time he needed to assess the case and discuss the case with his client.

17. The Court finds that [defendant] was given an opportunity to make his own choice, to deliberate on his own.

18. The Court finds that maybe for the first time in the conduct of the case, [defendant] made his own decision on this matter.

19. The Court finds that [defendant] was provided with an adequate explanation of the choices before him, of the charges he was facing and of the elements of the offense.

20. The Court finds that the medication did not play a factor in this case.

21. The Court finds that the Xanax and Hydrocodone had worn off by the time that [defendant] was making his determination to plead.

22. The Court further finds that [defendant] had taken his Ritalin, which dis-

counts any Attention Deficit Disorder problem.

23. The Court finds that the Ritalin helped [defendant].

Further, in a subsequent order, the trial court stated it had no doubt "that defendant fully understood his options and made a knowing[,] voluntary decision to plead guilty." The trial court found that although defendant's counsel was "strongly encouraging" defendant to take the plea offer, defendant "still had enough control and presence of mind to ask for time to consider the decision by himself." Defendant at that time had been told by counsel what the differences in sentencing would be if he were found guilty, vis-à-vis, if he took the plea offer. After defendant decided to take the offer, he told the court the decision was "entirely" his own.

¶ 12 To the extent that findings of fact are based on a determination of credibility, we defer to the trial court. *See Gardner v. Madsen*, 949 P.2d 785, 790 (Utah Ct.App. 1997). The trial court has the responsibility to determine the credibility of testimony. "A trial court's factual findings [regarding defendant's competency] will not be overturned unless they are clearly erroneous." *State v. Lafferty*, 20 P.3d 342, 2001 UT 19, ¶ 45, 415 Utah Adv. Rep. 29. "We give deference to the trial court's factual findings because of its superior position to assess credibility." *Id.* In the present case, "there was ample evidence to support the trial court's finding of competency," *id.* at ¶ 51, and we defer to that decision.

### B. Ineffective Assistance of Counsel

¶ 13 Defendant contends that his trial counsel's plan to convince him to plead guilty if the case eroded was improper and that counsel put his own personal problems above his client's needs. The State relies on the trial court's findings of fact and case law to defeat this claim of error.

¶ 14 To prevail on a claim of ineffective assistance of counsel, defendant must establish (1) that his trial counsel's performance was "deficient," and (2) that he was "prejudiced" by the ineffective assistance. *Strickland v. Washington*, 466 U.S. 668, 687, 104

S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A counsel's assistance is deficient when a defendant "show[s] that ... [it] fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. at 2064. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* In determining whether "counsel's performance was deficient, we must 'indulge in the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action "might be considered sound trial strategy." ' " *State v. Garrett*, 849 P.2d 578, 579 (Utah Ct.App.1993) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065 (citation omitted)).

¶ 15 Defendant has failed to establish that his trial counsel's performance was deficient; thus, we do not consider whether defendant was prejudiced by his counsel's performance.

¶ 16 As noted, the trial court made extensive findings regarding defendant's competency and his understanding of the proceedings. The trial court also found that defendant "had effective assistance of counsel," after having observed counsel perform throughout the proceedings, including the trial and hearing on the motion to withdraw the guilty plea. Further, it was a legitimate strategy for defendant's counsel to try to convince defendant to plead when the case essentially eroded. *See Odle v. State*, 241 So.2d 184, 185–86 (Fla.Dist.Ct. App.1970) (rejecting defendant's argument that he was denied effective assistance of counsel when counsel "considered it better trial strategy to enter a plea of guilty"). Under the circumstances of this case, defense counsel's vehemence in urging defendant to accept a plea bargain is understandable. Indeed, from the outset, counsel appreciated the advisability of a plea bargain in this case, and only defendant's recalcitrance, against the advice of counsel, kept defendant from receiving a very light sentence in juvenile court. Thus, we are

not persuaded that defendant has overcome the presumption of sound trial strategy.

### C. Due Process

¶ 17 Defendant contends that his right to due process was violated at the taking of the guilty plea. *See* U.S. Const. amend. V. In making this argument, defendant relies to a great extent on his argument of claimed inadequacies during the plea colloquy under Rule 11 of the Utah Rules of Criminal Procedure. The supreme court disposed of defendant's Rule 11 argument in *Visser II*, but did not address defendant's distinct due process claim that the plea was not knowing and voluntary.

¶ 18 Defendant argues that we should look at the entire proceedings to determine whether he was deprived of his right to due process. Defendant contends he was under extreme pressure from his family and his counsel, and this pressure was exacerbated by his youth and medical problems. As a result, defendant contends his guilty plea could not have been knowing and voluntary. We acknowledge the extreme stress of defendant's situation, but nevertheless conclude that defendant was not denied fundamental fairness, given the trial court's findings at the hearing on the motion to withdraw and trial counsel's fervent attempts to advise his client of options available to him.

### CONCLUSION

¶ 19 We defer to the trial court's finding that defendant was competent to enter the guilty plea. Defendant's trial counsel's efforts to have defendant plead when the case eroded was a legitimate trial strategy and did not amount to ineffective assistance of counsel. Finally, defendant entered the plea knowingly and voluntarily; therefore, we find no violation of his right to due process.

¶ 20 Affirmed.

¶ 21 WE CONCUR: RUSSELL W. BENCH, Judge, GREGORY K. ORME, Judge.