2000 Utah Ct. App. 028

**STATE of Utah, Plaintiff and Appellee,**

v.

**Christopher Blain OSTLER, Defendant and Appellant.**

No. 981308–CA.

Court of Appeals of Utah.

Feb. 10, 2000.

Joan C. Watt, Salt Lake Legal Defender Association, Salt Lake City, for Appellant.

David E. Yocom and J. Kevin Murphy, Salt Lake County Attorney's Office, Salt Lake City, for Appellee.

Before GREENWOOD, P.J., DAVIS, and ORME, JJ.

## OPINION

DAVIS, Judge:

¶ 1 Defendant appeals his conviction for unlawful control over a motor vehicle (joyriding), a class A misdemeanor, in violation of Utah Code Ann. § 41–1a–1314(1) (1998), and assault, a class B misdemeanor, in violation of Utah Code Ann. § 76–5–102 (1999). Defendant argues that the trial court erred by accepting his guilty pleas without first advising him of his right to counsel and then securing a knowing and voluntary waiver, and by failing to conduct a Rule 11 plea colloquy on the record. We agree. Accordingly, we vacate defendant's convictions and remand for further proceedings.

## BACKGROUND

¶ 2 An Information was filed charging defendant with joyriding and assault. On February 19, 1998, defendant was arraigned without counsel. At the arraignment, the trial judge asked defendant to enter a plea on both charges. When asked, "How do you plead to [joyriding]?," defendant replied, "Guilty." When asked by the trial court, "How do you plead to [assault]?," defendant replied, "Guilty I guess." A colloquy then ensued between the trial judge and defendant on the joyriding charge. Defendant explained that he was not sure he was guilty of joyriding because he had always used his girlfriend's car, but that this time they had argued, which prompted her to call the police and report her car as stolen, even though she knew defendant had the car. Defendant told the judge that the reason he was pleading guilty was so he could "get it over with" and "get on with [his] life." The trial judge and defendant did not discuss the assault charge.

¶ 3 Although after his guilty plea defendant maintained his innocence on the joyriding charge, the judge stated, "I'm going to go ahead and accept your guilty pleas on the case." The trial judge then asked defendant, "Did you see the tape downstairs?," to which defendant responded in the affirmative.[1] The judge told defendant, "You only have 30 days to make a motion to withdraw your pleas. After that, it's too late. Do you understand that?" Defendant replied, "Yes." Defendant was then released to pretrial services and a sentencing date was set for forty-five days later.

¶ 4 Defendant failed to appear at his presentence interview with Adult Probation and Parole and for sentencing. A bench warrant was issued, defendant was subsequently arrested, and the sentencing hearing was held on May 20, 1998. During this hearing, defendant again tried to explain that he was not guilty of joyriding. Unresponsive to defendant's explanation, the judge sentenced defendant to concurrent sentences of twelve months in jail for the joyriding conviction, and six months for the assault conviction.

¶ 5 On June 8, 1998, defendant filed a motion to withdraw his guilty pleas, arguing in part that his constitutional right to counsel was violated at the arraignment. Defendant maintained that he "unk[n]owingly plead[ed] guilty to erroneous charges and additional charges that were in error." The trial court denied defendant's motion as untimely. Defendant filed a timely Notice of Appeal, and was appointed counsel to assist him with his appeal.

## ISSUES AND STANDARD OF REVIEW

■ ¶ 6 Defendant argues that his guilty pleas must be set aside because they were accepted by the trial court in violation of his Sixth Amendment right to counsel, his due process rights under Article I, Section 7 of the Utah Constitution, and Rule 11 of the Utah Rules of Criminal Procedure. " '[T]he ultimate question of whether the trial court strictly complied with constitutional and procedural requirements for entry of a guilty plea is a question of law that is reviewed for correctness.' " *State v. Benvenuto*, 983 P.2d 556, 558 (Utah 1999) (quoting *State v. Holland*, 921 P.2d 430, 433 (Utah 1996)).

■ ¶ 7 Defendant also argues that this court should overrule that portion of *State v. Price*, 837 P.2d 578 (Utah Ct.App.1992), holding that, when a defendant was so advised, the thirty-day rule set out in Utah Code Ann. § 77–13–6(2)(b) (1999) is jurisdictional and runs from the date of the plea hearing, not from the date of sentencing. *See Price*, 837 P.2d at 583. The Utah Supreme Court's holding in *State v. Thurman*, 846 P.2d 1256 (Utah 1993), is dispositive of this contention. Under *Thurman*, this court is bound by the doctrine of stare decisis and cannot overrule another panel's ruling. *See id.* at 1269. Accordingly, because "[w]e are not at liberty to overrule our prior holding," *Kunz & Co. v. State Dep't of Transp.*, 949 P.2d 763, 767 (Utah Ct.App.1997), we do not address this issue further.

---

1. Although defendant does not so concede, the tape referred to is apparently a video tape of Judge Michael Hutchings explaining the difference among pleas of no contest, guilty, and not guilty; the rights given up if the accused pleads guilty or no contest; and the different classifications of crimes and the corresponding punishments.

## ANALYSIS

■■ ¶ 8 The trial court properly warned defendant that if he wanted to withdraw his guilty pleas, he must file a motion to do so within thirty days of the plea proceedings. *See* Utah Code Ann. § 77–13–6(2)(b) (1999); *see also* Utah R.Crim. P. 11(e)(7) (providing trial court "may not accept [a guilty] plea until the court has found ... the defendant has been advised of the time limits for filing any motion to withdraw the plea"). Notwithstanding the trial court's clear instructions, defendant failed to file his motion until well after the time limit had expired. Because defendant's motion was untimely, the trial court was without jurisdiction to reach the merits. *See Price*, 837 P.2d at 583. In accordance with *State v. Marvin*, 964 P.2d 313, 318 (Utah 1998), however, this court can review defendant's guilty pleas for plain error or exceptional circumstances.[2] *See also Price*, 837 P.2d at 580. To succeed on a claim of plain error, a defendant has the burden of showing "(i) [a]n error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful." *State v. Dunn*, 850 P.2d 1201, 1208 (Utah 1993); *accord Marvin*, 964 P.2d at 318.

■■ ¶ 9 Defendant argues that the trial court committed plain error by failing to protect both his constitutional and procedural rights under Rule 11 of the Utah Rules of Criminal Procedure. Rule 11(e) mandates, in pertinent part:

> The court may refuse to accept a plea of guilty, no contest or guilty and mentally ill, and *may not accept the plea until the court has found:*
> (1) if the defendant is not represented by counsel, he or she has knowingly waived the right to counsel and does not desire counsel;
> (2) the plea is voluntarily made;
> (3) the defendant knows of the right to the presumption of innocence, the right against compulsory self-incrimination, the right to a speedy public trial before an impartial jury, the right to confront and cross-examine in open court the prosecution witnesses, the right to compel the attendance of defense witnesses, and that by entering the plea, these rights are waived;
> (4) (A) the defendant understands the nature and elements of the offense to which the plea is entered, that upon trial the prosecution would have the burden of proving each of those elements beyond a reasonable doubt, and that the plea is an admission of all those elements;
> (B) there is a factual basis for the plea. A factual basis is sufficient if it establishes that the charged crime was actually committed by the defendant or, if the defendant refuses or is otherwise unable to admit culpability, that the prosecution has sufficient evidence to establish a substantial risk of conviction;
> (5) the defendant knows the minimum and maximum sentence, and if applicable, the minimum mandatory nature of the minimum sentence, that may be imposed for each offense to which a plea is entered, including the possibility of the imposition of consecutive sentences;
> (6) if the tendered plea is a result of a prior plea discussion and plea agreement, and if so, what agreement has been reached;
> (7) the defendant has been advised of the time limits for filing any motion to withdraw the plea; and
> (8) the defendant has been advised that the right of appeal is limited.

Utah R.Crim. P. 11(e) (emphasis added).

■■ ¶ 10 " 'Rule 11(e) squarely places on trial courts the burden of ensuring that constitutional and Rule 11(e) requirements are complied with when a guilty plea is entered.' " *Benvenuto*, 983 P.2d at 558 (quoting *State v. Gibbons*, 740 P.2d 1309, 1312 (Utah 1987)). The trial court must strictly

---

**2.** We recognize the apparent anomaly of our reaching an issue not preserved below because the trial court lacked jurisdiction to first address the same. Conceptually, however, error is error whether committed in the context of plea proceedings or trial. If the error is plain, the trial court is obliged to recognize and correct the same at the time of occurrence, and may or may not be in a position to later correct the error depending on the procedural context.

adhere to Rule 11(e). *See State v. Thurman*, 911 P.2d 371, 372 (Utah 1996).

Under the ... strict compliance test, before accepting the guilty plea, the trial court must review on the record with the defendant at the time the plea is taken the nature and elements of the offense, the constitutional rights articulated in Rule 11 which he waives by pleading guilty, and the allowable penalties.

*State v. Pharris*, 798 P.2d 772, 778 (Utah Ct.App.1990); *see also State v. Penman*, 964 P.2d 1157, 1160 (Utah Ct.App.1998) ("The trial judge bears the burden of establishing, on the record, strict compliance with Rule 11(e).").

▓▓▓▓▓ ¶ 11 After reviewing the record, we find that the trial court discussed only one of the seven applicable Rule 11(e) requirements in court and on the record with defendant. First, the trial court failed to determine whether defendant was represented by counsel, or whether he voluntarily waived his right to counsel. *See* Utah R.Crim. P. 11(e)(1). Rule 11 embodies the Sixth Amendment[3] right to counsel and requires the trial court to establish that a defendant has knowingly waived his or her right to counsel "in open court." Utah R.Crim. P. 11(a). Hence, "[t]he court ... *may not* accept the [guilty] plea until the court has found[,] ... if the defendant is not represented by counsel, he or she has knowingly waived the right to counsel and does not desire counsel." Utah R.Crim. P. 11(e) (emphasis added). Here, the trial court clearly erred by accepting defendant's guilty plea without first determining that defendant waived his right to counsel. No discussion took place regarding this right or defendant's wish to waive it.

▓▓ ¶ 12 Second, the trial court did not determine whether defendant's guilty plea was voluntarily made. *See* Utah R.Crim. P. 11(e)(2). The trial court never asked defendant whether he was acting voluntarily, informed him about the constitutional rights he was waiving by pleading guilty, or explained the nature and elements of the charged crimes. *See State v. Valencia*, 776 P.2d 1332, 1335 (Utah Ct.App.1989) (per curiam). "Mere general questions which ask whether a plea is 'voluntary' are insufficient under Rule 11[ (e)(2) ]. Specific inquiry should be made as to whether defendant understands that by his plea he waives his rights against self-incrimination, to a jury trial, to appeal, and to confront witnesses." *Id.* Because "[a] guilty plea cannot be voluntary if it is uninformed," defendant's guilty plea was involuntary. *State v. Breckenridge*, 688 P.2d 440, 444 (Utah 1983).

¶ 13 Third, the trial court failed to inform defendant of his constitutional rights and that, by pleading guilty, he was waiving these rights. *See* Utah R.Crim. P. 11(e)(3); *see also State v. Visser*, 973 P.2d 998, 1002 (Utah Ct.App.) (holding because trial court failed to advise defendant of right to speedy trial pursuant to Rule 11(e)(3), it abused its discretion in denying motion to withdraw guilty plea), *cert. granted*, 982 P.2d 87 (Utah 1999); *State v. Mills*, 898 P.2d 819, 824 (Utah Ct.App. 1995); *infra* note 5.

▓▓▓▓▓ ¶ 14 Fourth, the trial court failed to explain to defendant the nature and elements of the offense and to find a factual basis for the plea. *See* Utah R.Crim. P. 11(e)(4)(A) & (B). If a defendant does "not understand the nature and elements of the crime to which he pled guilty," his guilty plea is involuntarily made. *Breckenridge*, 688 P.2d at 443–44. "'[B]ecause a guilty plea is an admission of all the elements of a formal

---

3. "The Sixth Amendment of the United States Constitution guarantees each criminal defendant the right to assistance of counsel." *State v. Bakalov*, 979 P.2d 799, 808 (Utah 1999); *accord State v. Heaton*, 958 P.2d 911, 917 (Utah 1998). "The right to have the assistance of counsel in a criminal trial is a fundamental constitutional right which must be jealously protected by the trial court." *Heaton*, 958 P.2d at 917. Additionally, "[t]he Sixth Amendment right to counsel attaches at the initiation of adversary judicial criminal proceedings, 'whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.'" *State v. Wood*, 868 P.2d 70, 86 (Utah 1993) (quoting *Kirby v. Illinois*, 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972); *Michigan v. Jackson*, 475 U.S. 625, 629, 106 S.Ct. 1404, 1407, 89 L.Ed.2d 631 (1986)). Thus, defendant's Sixth Amendment right to counsel had attached at the arraignment when he entered his guilty pleas.

criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.'" *Id.* at 444 (alteration in original) (quoting *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969) (footnote omitted)). Additionally, a defendant's "understanding of the elements of the charges and the relationship of the law and the facts may not be presumed from a silent or incomplete examination." *Valencia,* 776 P.2d at 1335. Accordingly, a trial court's "[f]ailure to inform a defendant of the nature and elements of the offense is fatal to a guilty plea conviction." *Pharris,* 798 P.2d at 777.

¶ 15 Fifth, the trial court did not tell defendant about the possible punishments. *See* Utah R.Crim. P. 11(e)(5). "In order for defendant's guilty plea to be valid and in compliance with rule 11(e)(5) of the Utah Rules of Criminal Procedure . . ., the record must show that he was unequivocally and clearly informed about the sentence that would be imposed." *State v. Smith,* 777 P.2d 464, 466 (Utah 1989); *see Pharris,* 798 P.2d at 777–78. If the trial court fails to do so, the guilty plea is not knowingly and voluntarily made and must be vacated. *See Smith,* 777 P.2d at 466.

¶ 16 Sixth and last, the trial court failed to advise defendant that his right to appeal was limited. *See* Utah R.Crim. P. 11(e)(8). The trial court therefore failed to comply with six of the seven relevant requirements mandated by Rule 11(e).[4]

¶ 17 It is apparent from the record that the court relied upon the Hutchings video to satisfy the Rule 11(e) requirements. When determining whether a guilty plea was knowing and voluntary, a court may consider more than just the "record of the plea hearing," and "may look at the surrounding facts and circumstances." *Salazar v. Warden, Utah State Prison,* 852 P.2d 988, 992 (Utah 1993).

"[The] record may reflect [Rule 11 compliance] by multiple means, e.g., transcript of the oral colloquy between the court and defendant, contents of a written affidavit that the record reflects was read, understood, and acknowledged by defendant and the court, contents of other documents such as the information, presentence reports, exhibits, etc., similarly incorporated into the record, and so on."

*Penman,* 964 P.2d at 1160 (quoting *State v. Maguire,* 830 P.2d 216, 218 (Utah 1991)) (alterations in original).

¶ 18 Indeed, the supreme court in *State v. Gibbons* sanctioned the trial court's use of a written affidavit signed by the defendant as an efficient means to comply with the strict requirements of Rule 11(e). *See Gibbons,* 740 P.2d at 1313. The court outlined what an acceptable affidavit must contain:

A sufficient affidavit is one which is signed by the defendant, his attorney, the prosecutor, and the trial judge and which lists the names and the degrees of the crimes charged. The affidavit should contain both a statement of the elements of the offenses and a synopsis of the defendant's acts that establish the elements of the crimes charged. The affidavit should clearly state the allowable punishment for the crimes charged and should note that multiple punishments for multiple crimes may be imposed consecutively. The affidavit should list individually and specifically the rights waived by the entry of the guilty plea. The details of any plea bargain should be set forth in the affidavit, as well as a disclaimer concerning any sentencing recommendations as required by Rule 11(e). Finally, the affidavit should disclose the defendant's ability to read and understand the English language, the absence of promises to induce the plea, and the defendant's competency. The trial judge should then review the statements in the affidavit with the defendant, question the defendant concerning his understanding of it, and fulfill the other requirements imposed by [Rule 11(e) ] *on the record* before accepting the guilty plea. *If a court does not use an affidavit, the requirements set forth above*

4. We note that the trial judge informed defendant that he had thirty days within which to file a motion to withdraw his guilty pleas. *See* Utah R.Crim. P. 11(e)(7). Subsection (6) of Rule 11(e) is not applicable to the facts before us. *See* Utah R.Crim. P. 11(e)(6) (addressing plea agreements).

*and in [Rule 11(e) ] must still be followed and be on the record.*

*Id.* at 1313–14 (emphasis added) (footnote omitted).

¶ 19 The court in *Gibbons* recognized that, although "[t]his procedure may take additional time," a defendant's "constitutional rights may not be sacrificed in the name of judicial economy." *Id.* at 1314.

¶ 20 The video tape generally discusses those constitutional and other requirements set out in Rule 11(e). However, after reviewing the transcript, it is clear that by simply having a defendant view the tape without making any effort to determine the circumstances under which a particular defendant viewed the tape or his or her level of understanding thereof, not only fails to satisfy the trial court's responsibility of ensuring *on the record* that a defendant's guilty plea is knowing and voluntary in accordance with the requirements of Rule 11(e), but renders the tape virtually useless even as a preliminary foundation for Rule 11(e) compliance.

¶ 21 The tape first discusses the difference between a plea of no contest, not guilty, and guilty. It then discusses in sufficient detail the consequences of pleading guilty or no contest and the constitutional [5] rights a defendant will waive by entering such a plea. The tape correctly informs a defendant that "[i]f you plead guilty or no contest and later wish to withdraw your plea, you must file a motion to withdraw your plea in court within thirty days." *See* Utah Code Ann. § 77–13–6(2)(b) (1995); Utah R.Crim. P. 11(e)(7). It then briefly discusses, in generic terms, "the different classifications of crimes and the potential punishments associated with each [classification]."

¶ 22 While the tape may play an important role in generally apprising a defendant of his or her rights and preparing the defendant for the arraignment hearing before the trial court, it does not provide " ' "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." ' " *Gibbons,* 740

P.2d at 1312 (quoting *Henderson v. Morgan,* 426 U.S. 637, 645, 96 S.Ct. 2253, 2257, 49 L.Ed.2d 108 (1976) (quoting *Smith v. O'Grady,* 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941))). Although the video touches upon several of the requirements set out in Rule 11(e), it is not specific to the accused, but is general in nature. Most importantly, and unlike the affidavit sanctioned in *Gibbons,* the tape does not fulfill the well-established mandate that the trial court discuss with the defendant *on the record* the Rule 11(e) requirements, ensure that defendant understands these elements, and ascertain that defendant's guilty plea was voluntarily made.

¶ 23 Other than advising defendant on the record of the necessity of filing a motion to withdraw his guilty pleas within thirty days, the trial court erred by failing to strictly comply with Rule 11(e) in most respects. Considering the number of cases addressing Rule 11(e), *see e.g., Benvenuto,* 983 P.2d at 558; *Smith,* 777 P.2d at 464–66; *Gibbons,* 740 P.2d at 1312–14; *Breckenridge,* 688 P.2d at 443–44; *Visser,* 973 P.2d at 1001–02; *Penman,* 964 P.2d at 1160–61; *Mills,* 898 P.2d at 823–24; *Pharris,* 798 P.2d at 774–78; *Valencia,* 776 P.2d at 1334–35, it should have been obvious to the trial court that those requirements were never discussed with defendant on the record and its failure to do so constituted plain error. *See Marvin,* 964 P.2d at 318; *Dunn,* 850 P.2d at 1208.

¶ 24 We cannot say that the trial court's errors were not prejudicial to defendant. *See Marvin,* 964 P.2d at 318; *Dunn,* 850 P.2d at 1208. Where, as here, no valid waiver appears of record, *see supra* note 3, "the denial of [the] right to the assistance of counsel at trial is presumptively a substantial and *prejudicial* denial of a constitutional right." *Wagstaff v. Barnes,* 802 P.2d 774, 776 (Utah Ct.App.1990) (emphasis added). A trial court's error that deprives a defendant of his or her constitutional right to counsel "will always invalidate the conviction." *Sullivan v. Louisiana,* 508 U.S. 275, 278, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993).

---

5. Had the trial court ascertained, on the record, the circumstances of defendant's viewing of this portion of the tape and his understanding there-

of, this portion may have satisfied the corresponding requirements of Rule 11(e).

" '[T]he assistance of counsel is among those "constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error." ' " *Wagstaff*, 802 P.2d at 776 (alteration in original) (quoting *Holloway v. Arkansas*, 435 U.S. 475, 489, 98 S.Ct. 1173, 1181, 55 L.Ed.2d 426 (1978) (quoting *Chapman v. California*, 386 U.S. 18, 43, 87 S.Ct. 824, 837, 17 L.Ed.2d 705 (1967))).

¶ 25 Additionally, as set out above, a trial court's "[f]ailure to inform a defendant of the nature and elements of the offense is fatal to a guilty plea conviction." *Pharris*, 798 P.2d at 777. Because defendant was not told of the nature and elements of the offense, the possible punishments, or the constitutional rights, including his right to counsel, that he was waiving by pleading guilty, he was not fully informed of the consequences of his plea and his plea thus cannot be considered voluntary. *See Smith*, 777 P.2d at 466; *Breckenridge*, 688 P.2d at 444; *Visser*, 973 P.2d at 1002; *Pharris*, 798 P.2d at 777.

 ¶ 26 The record also reflects that defendant did not believe he was guilty of joyriding, but thought it best to plead guilty so that he could "get on with [his] life." " 'The court has an undoubted duty to guard against the possibility that an accused who is innocent of the crime charged may be induced to plead guilty without sufficient understanding of the nature of the charge or the consequences of the plea....' " *Breckenridge*, 688 P.2d at 443 (quoting *State v. Harris*, 585 P.2d 450, 452 (Utah 1978)) (omission in original). If the defendant here had understood the nature and elements of joyriding, he might not have pleaded guilty to that charge. Because "[a] guilty plea cannot be voluntary if it is uninformed," *id.*, defendant's guilty plea was involuntary, and therefore the trial court's error was prejudicial to defendant.

## CONCLUSION

¶ 27 We hold that the trial court erred by failing to strictly comply with Rule 11(e). That error should have been obvious to the trial court and was prejudicial to defendant. Defendant's convictions are therefore vacated, his guilty pleas are withdrawn, and we remand the case to the trial court for further proceedings on the information.

¶ 28 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, GREGORY K. ORME, Judge.