2000 Utah Ct. App. 186

STATE of Utah, Plaintiff and Appellee,

v.

Marha TARNAWIECKI, Defendant and Appellant.

No. 990225–CA.

Court of Appeals of Utah.

June 15, 2000.

Lynn C. McMurray, McMurray, McMurray, Dale & Parkinson, Salt Lake City, for Appellant.

Jan Graham, Atty. Gen., and Kenneth A. Bronston, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before GREENWOOD, P.J., JACKSON, Associate P.J., and BILLINGS, J.

## OPINION

GREENWOOD, Presiding Judge:

¶1 Defendant appeals her conviction for violating a protective order, a class A misdemeanor, under Utah Code Ann. § 76–5–108 (1999). Defendant claims the trial court erred in denying her motion to extend the time to submit a motion to withdraw her guilty plea, arguing the court did not comply with legal requirements when it accepted her guilty plea. We vacate defendant's conviction and remand for further proceedings.

## BACKGROUND

¶2 Defendant's conviction arises from a domestic dispute with her estranged husband, Mark Grosser, on May 18, 1998. At the time of the dispute, defendant had been properly served with and was subject to a valid protective order prohibiting her from "attempting, committing, or threatening to commit abuse or domestic violence against Mark Grosser." Defendant believed Grosser was about to take their child out of Utah. She called the police to have them prevent the removal of her child, and also called her attorney, who was unavailable.

¶3 Fearing police would not respond in time, defendant went to Grosser's house. During the altercation that ensued, defendant kicked Grosser in the buttocks. An information was filed charging defendant with violating a protective order, a class A misdemeanor, and assault, a class B misdemeanor. Additionally, the prosecutor notified defendant that she was subject to a felony enhancement under Utah Code Ann. § 77–36–1.1 (1997) because she had violated the protective order within the past five years.

¶4 On July 17, 1998, defendant pleaded guilty to violating the protective order. In exchange for her plea, the State agreed to drop the assault charge and not pursue the felony enhancement. During the plea hearing, defense counsel told the court he had "gone over a waiver of constitutional rights" and that the written plea agreement included the elements of the offense. The trial court then discussed with defendant the maximum sentence for a class A misdemeanor and briefly went over the elements of the crime. Next, the trial court stated: "And if you plead guilty, you are admitting that [you committed the offense]. You won't go to trial, see witnesses, have a jury, appeal, and all of those constitutional rights that Mr. Archuleta has gone over with you? You understand all of that?" Defendant proceeded to sign her plea affidavit and submitted it to the court, which accepted her guilty plea. The defendant's plea affidavit does not mention the right to a speedy trial before an impartial jury.

¶5 On September 17, 1998, defendant submitted a motion to extend the time to submit a motion to withdraw her guilty plea and a motion to withdraw her guilty plea. After a hearing, the trial court denied defendant's motion to extend time, determining that *State v. Price*, 837 P.2d 578, 583–84 (Utah Ct.App.1992), controlled and therefore the court lacked jurisdiction to consider defendant's arguments or the motion to withdraw her guilty plea. Defendant timely appealed the trial court's order.

## ISSUES AND STANDARD OF REVIEW

¶6 Defendant claims that the trial court erred on three grounds: (1) the court erred by not allowing her extra time to submit a motion to withdraw her guilty plea because she was not properly advised of the thirty day limit; (2) the court erred in determining it lacked jurisdiction to consider her motion to withdraw the guilty plea; and (3) the trial court committed plain error in accepting her guilty plea without conducting the required colloquy on the record. Additionally, defendant argues that section 77–13–6 of the Utah Code is unconstitutional.

These four issues all present questions of law which we review for correctness. *See Salt Lake City Corp. v. Property Tax Div.*, 1999 UT 41, ¶ 9, 979 P.2d 346 (jurisdiction); *State v. Lopes*, 1999 UT 24, ¶ 6, 980 P.2d 191 (constitutionality of statute); *State v. Holland*, 921 P.2d 430, 433 (Utah 1996) (withdrawal of guilty plea); *State v. Ostler*, 2000 UT App 28, ¶ 6, 996 P.2d 1065 (plain error).

## ANALYSIS

### I. Was Defendant Properly Advised of the Thirty Day Limit

¶ 7 Defendant argues she is entitled to extra time to withdraw her guilty plea because the trial court failed to advise her of the thirty day time limit for filing a motion to withdraw a guilty plea.[1] Defendant claims the plea affidavit's reference to the thirty day limit was confusing and ambiguous, and provided inadequate notice of section 77–13–6's requirement.

■ ¶ 8 In *State v. Price*, 837 P.2d 578, 582–83 (Utah Ct.App.1992), we recognized that Rule 11 of the Utah Rules of Criminal Procedure provides an exception to the thirty day requirement if the defendant is not advised that a motion to withdraw a guilty plea must be made within thirty days.[2] Immediately above defendant's signature, the plea affidavit states in bold type: "I understand that I have the right to withdraw this plea within 30 days of today's date as long as the request is in writing and for good cause shown." We fail to see how this language is confusing, is ambiguous, or gives inadequate notice of section 77–13–6's requirement that a motion to withdraw must be made within thirty days. Furthermore, the trial court is not required to cover every element of Rule 11 during the colloquy so long as the record reflects that the defendant was made aware of every right. *See State v. Maguire*, 830 P.2d 216, 218 (Utah 1991) ("[S]trict compliance can be accomplished by multiple means

so long as no requirement of the rule is omitted and so long as the record reflects that the requirement has been fulfilled."). Defendant's plea affidavit clearly stated a motion to withdraw must be made within thirty days; defendant was not entitled to additional time under the exception in Rule 11(f).

### II. Did the Trial Court Correctly Determine It Lacked Jurisdiction

■ ¶ 9 Defendant argues that the trial court erred in determining that it lacked jurisdiction because the thirty day period does not start until a guilty plea is voluntarily entered. Under this novel argument, defendant claims the trial court must strictly comply with Rule 11 before section 77–13–6's thirty day limit is triggered. In other words, defendant contends that because the trial court did not conduct a proper colloquy with defendant—an argument considered later in this opinion—the guilty plea was a legal nullity. We disagree. Although there may have been errors in taking and entering the plea, the appropriate remedy is a timely motion to withdraw pursuant to section 77–13–6.

¶ 10 Moreover, in *State v. Price*, this court determined that section 77–13–6's thirty day period to bring a motion to withdraw is jurisdictional. *See* 837 P.2d 578, 583–84 (Utah Ct.App.1992). We are constrained by principles of stare decisis to apply *Price* to the facts of this case. *See State v. Thurman*, 846 P.2d 1256, 1269 (Utah 1993); *State v. Ostler*, 2000 UT App 28, ¶ 7, 996 P.2d 1065. It is undisputed that defendant did not submit her motion to withdraw her guilty plea within thirty days of its entry. Because defendant failed to comply with section 77–13–6, the trial court properly determined that it lacked jurisdiction to consider defendant's motion to enlarge the time to bring her motion to withdraw.

---

1. Section 77–13–6(2)(b) provides: "A request to withdraw a plea of guilty or no contest is made by motion and shall be made within 30 days after the entry of the plea." Utah Code Ann. § 77–13–6(2)(b) (1999).

2. Utah R. Crim. P. 11(f) provides:

Failure to advise the defendant of the time limits for filing any motion to withdraw a plea of guilty, no contest or guilty and mentally ill is not a ground for setting the plea aside, but may be the ground for extending the time to make a motion under Section 77–13–6.

### III. Did The Trial Court Commit Plain Error In Accepting Defendant's Guilty Plea

¶ 11 Next, defendant argues that the trial court committed plain error by accepting her guilty plea without properly conducting the colloquy required by Rule 11.[3] Specifically, defendant claims that the trial court failed to advise her of the factual basis for the charge against her, the minimum sentence, and the right to a speedy trial before an impartial jury. Although the trial court was precluded by *Price* from considering these arguments, this court can do so if defendant can persuade us plain error occurred or exceptional circumstances existed. *See State v. Ostler*, 2000 UT App 28, ¶ 8, 996 P.2d 1065. "To succeed on a claim of plain error, a defendant has the burden of showing '(i) [a]n error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful.'" *Id.* (quoting *State v. Dunn*, 850 P.2d 1201, 1208 (Utah 1993)) (alteration in original).

¶ 12 Utah's appellate courts have emphasized that "Rule 11(e) squarely places on trial courts the burden of ensuring that the constitutional and Rule 11(e) requirements are complied with when a guilty plea is entered." *State v. Gibbons*, 740 P.2d 1309, 1312 (Utah 1987). Importantly, *strict compliance*, rather than substantial compliance, with Rule 11 is required when accepting a guilty plea. *See State v. Maguire*, 830 P.2d 216, 217 (Utah 1991). Because the trial court must address each element of Rule 11 before accepting defendant's guilty plea, we address each claimed error by examining the record to determine if it contains a sufficient basis to satisfy the requirements of Rule 11.

¶ 13 Defendant claims the trial court failed to adequately set forth the factual basis to establish defendant committed the crime as required by Rule 11(e)(4)(B). In order to satisfy the factual basis requirement, "the record must reveal either facts that would support the prosecution of a defendant at trial or facts that would suggest a defendant faces a substantial risk of conviction at trial." *State v. Stilling*, 856 P.2d 666, 672 (Utah Ct.App.1993). Thus, a sufficient factual basis requires that the record contain evidence that the crime was committed and that defendant likely committed the crime. *See id.*

¶ 14 In this case, defendant was charged with violating a protective order under section 76–5–108.[4] Thus, the State had the burden of proving that defendant had been served with the protective order and knowingly or intentionally violated it. During the colloquy the trial court stated:

> If you plead guilty to that class A misdemeanor, you are admitting that at 668 East Third Avenue in Salt Lake, on or about May 18th, you were the respondent subject to a Protective Order that had been issued

**3.** The portions of Rule 11(e) relevant to this appeal states:

> The court may refuse to accept a plea of guilty, no contest or guilty and mentally ill, and may not accept the plea until the court has found:
> ...
> (3) the defendant knows of the right to the presumption of innocence, the right against compulsory self-incrimination, the right to a speedy public trial before an impartial jury, the right to confront and cross-examine in open court the prosecution witnesses, the right to compel the attendance of defense witnesses, and that by entering the plea, these rights are waived;
> (4)(A) the defendant understands the nature and elements of the offense to which the plea is entered, that upon trial the prosecution would have the burden of proving each of those elements beyond a reasonable doubt, and that the plea is an admission of all those elements;
> (B) there is a factual basis for the plea. A factual basis is sufficient if it establishes that the charged crime was actually committed by the defendant or, if the defendant refuses or is otherwise unable to admit culpability, that the prosecution has sufficient evidence to establish a substantial risk of conviction;
> (5) the defendant knows the minimum and maximum sentence, and if applicable, the minimum mandatory nature of the minimum sentence, that may be imposed for each offense to which a plea is entered, including the possibility of the imposition of consecutive sentences....

Utah R.Crim. P. 11(e).

**4.** Section 76–5–108(1) provides: "Any person who is the respondent or defendant subject to a protective order ... who intentionally or knowingly violates that order after having been properly served, is guilty of a class A misdemeanor...." Utah Code Ann. § 76–5–108(1) (1999).

under the authority of the Utah Code and that you intentionally violated that order after having been properly served with it. So there was an Order out that you didn't follow. You understand that?

Additionally, defendant's plea affidavit contained a brief summary of the event, stating that she "directly, or indirectly communicat[ed] w/ the Petitioner, and Mutual Combat Resulted." Based on the court's colloquy and defendant's signed affidavit, the necessary factual basis was established on the record and the trial court did not err in this respect.

¶ 15 Next, defendant claims the court failed to inform her of the minimum sentence for a class A misdemeanor as required by Rule 11(e)(5). In defendant's plea affidavit, a matrix is included which lists the level of the offense and the corresponding jail time and fine that may be imposed. For a class A misdemeanor, the possible jail time is listed as "0—365 days" and the possible fine is "$0.00—$2,500.00." In her brief, defendant admits the minimum sentence would be "0 days in jail and $0.00." While we recognize that the minimum sentence is often crucial information to a defendant making a voluntary and intelligent plea, it is difficult to see how the court's failure in this case to discuss the possibility that defendant may serve no time and incur no fine would result in a harmful error. *See Ostler,* 2000 UT App 28 at ¶ 8, 996 P.2d 1065 (holding plain error requires proof that error was harmful). Given that defendant's affidavit contained the minimum sentence and the fact that the minimum sentence for a class A misdemeanor is no sentence at all, the court did not commit harmful error in failing to discuss the minimum possible sentence during the colloquy.

¶ 16 Finally, defendant claims the court failed to advise her of the right to a speedy trial before an impartial jury as required by Rule 11(e)(3). While "a rigid colloquy or rote recitation of the elements of Rule 11 is not required, ... Rule 11(e) 'requires the trial court [during the plea colloquy] to find that seven detailed and specific criteria have been fulfilled.'" *State v. Visser,* 1999 UT App 19, ¶ 14, 973 P.2d 998, *cert. granted,* 982 P.2d 87 (Utah 1999) (second alteration in original) (quoting *Maguire,* 830 P.2d at 218). In *Visser,* we reversed the trial court's order denying defendant's motion to withdraw his guilty plea because the trial court failed to advise defendant of his right to a speedy trial before an impartial jury. *See id.* at ¶¶ 16, 20.

¶ 17 Our review of the record in this case reveals that the trial court wholly failed to advise defendant of her constitutional right to a speedy trial before an impartial jury. During the colloquy, the court stated: "And if you plead guilty, you are admitting that. You won't go to trial, see witnesses, have a jury, appeal, and all of those constitutional rights that Mr. Archuleta has gone over with you? You understand all of that?" Apparently relying on defense counsel's representation that he had discussed the waiver of constitutional rights with defendant and defendant's plea affidavit which contained a waiver of constitutional rights section, the court did not further advise defendant of her constitutional rights. Defendant's plea affidavit contains an express waiver of the following rights: counsel, self incrimination, confrontation and cross examination of accusers, jury trial, presumption of proof, and appeal. The provision waiving the right to a jury trial contains no information concerning the right to a speedy trial before an impartial jury.[5] Thus, defendant was neither advised of nor waived her right to a speedy trial before an impartial jury.[6]

¶ 18 The trial court's failure to conduct the required colloquy on the record advising defendant of her right to a speedy trial before an impartial jury was error. *See Ostler,* 2000 UT App 28 at ¶ 23, 996 P.2d 1065. Additionally, in light of *Visser* and Rule 11, the error

---

5. This waiver provision states: "JURY TRIAL: I can choose to have a jury hear the case against me. Any verdict rendered by a jury, whether it be guilty or not guilty, must be by complete agreement of all jurors."

6. It is surprising that defendant's plea affidavit, which appears to be issued by the Third District Court, lacks a provision waiving this fundamental constitutional right and required element under Rule 11(e). We hope this affidavit is not typical of the plea affidavits used in Utah's trial courts.

should have been obvious to the trial court. Finally, the failure to advise the defendant of her constitutional right to a speedy trial before an impartial jury is prejudicial and therefore harmful. *See id.* at ¶¶ 24–26.

 ¶ 19 At oral argument before this court, the State attempted to distinguish this case from *Ostler* based on the difference in the quantum of the error. In *Ostler*, the trial court discussed only one of the seven Rule 11 requirements on the record. *See id.* at ¶ 11. In this case, the record reflects that all of the Rule 11 requirements were covered, except one—the right to a speedy trial before an impartial jury. Despite this difference in the quantum of error, we determine the legal rule established in *Ostler* controls the outcome of this case. The failure by the trial court to strictly comply with Rule 11, as mandated by *Gibbons* and its progeny, constitutes plain error requiring us to vacate defendant's conviction and allow her to withdraw her guilty plea.[7]

### IV. Is Section 77–13–6 Unconstitutional

¶ 20 Last, defendant argues that the thirty day period to withdraw a guilty plea is unconstitutional because it deprives defendant of due process and equal protection. Because we determine the trial court committed plain error in failing to conduct the required Rule 11 colloquy, we need not reach this issue. In any event, we would decline to address this issue because defendant failed to adequately brief this issue as required by Rule 24 of the Utah Rules of Appellate Procedure.

### CONCLUSION

¶ 21 Under *State v. Price*, 837 P.2d 578, 583–84 (Utah Ct.App.1992), the trial court correctly determined it lacked jurisdiction to consider defendant's motion to withdraw her guilty plea. Furthermore, the trial court did not err in its determination that defendant was properly advised that she must file her motion to withdraw within thirty days.

However, the trial court's failure to advise defendant of her right to a speedy trial before an impartial jury was plain error, and we therefore vacate defendant's conviction and allow her to withdraw her guilty plea.

¶ 22 We reverse and remand for further proceedings.

¶ 23 WE CONCUR: NORMAN H. JACKSON, Associate Presiding Judge, and JUDITH M. BILLINGS, Judge.

---

7. Defendant also argued ineffective assistance of counsel. Because the trial court determined it did not have jurisdiction under *Price*, it did not consider this argument. While *Ostler* allows this court to consider a plain error argument that the trial court lacked jurisdiction to consider, it does not provide any avenue to reach other legal errors asserted by defendant. Therefore, we lack any legal basis to consider defendant's ineffective assistance of counsel claim.