OPINION
BILLINGS, Judge.
T1 Defendant Thomas Melo appeals his convictions based on guilty pleas to one count each of Rape, a first degree felony, in violation of Utah Code Ann. § 76-5-402 (1999); Forcible Sodomy, a first degree felony, in violation of Utah Code Ann. § 76-5-403 (1999); and Forcible Sexual Abuse, a second degree felony, in violation of Utah Code Ann. § 76-5-404 (1999); and two counts each of Unlawful Sexual Conduct with a 16 or 17 Year Old, in violation of Utah Code Ann. *647 § 76-5-401.2 (1999); and Incest, in violation of Utah Code Ann. § 767-102 (1999), all third degree felonies. Because we lack jurisdiction, we dismiss Defendant's appeal.
BACKGROUND
T2 On April 4, 2000, Defendant was charged with nineteen sex offenses based on encounters with three of his minor cousins. On September 1, 2000, Defendant pleaded guilty to seven of the offenses, all involving C.M. He pleaded guilty to two counts of unlawful sexual conduct and one count of incest for conduct occurring in 1999; and to one count each of rape, forcible sodomy, foreible sexual abuse, and incest for conduct occurring in April 2000. In exchange for the pleas, the twelve counts based on the encounters with the other cousins were dismissed. On December 6, 2000, Defendant received concurrent sentences. On January 9, 2001, Defendant filed a pro se appeal and was subsequently appointed counsel. Defendant has not filed a motion to withdraw his guilty pleas.
ANALYSIS
T3 Defendant argues the district court committed plain error and his counsel was ineffective in allowing him to enter pleas to offenses that should have been charged alternatively under the incest and forcible sexual abuse statutes and State v. Montoya, 910 P.2d 441 (Utah Ct.App.1996)[1] The State responds that we lack jurisdiction to consider Defendant's claims.[2]
14 We agree with the State that we lack jurisdiction to consider Defendant's plain error and ineffective assistance of counsel claims. Utah Code Ann. § 77-13-6(2)(b) (1999) provides, "A request to withdraw a plea of guilty or no contest is made by motion and shall be made within 30 days after the entry of the plea." In State v. Price, 837 P.2d 578 (Utah Ct.App.1992), this court held the thirty day limit in section 77-13-6(2)(b) runs from the plea colloquy and is jurisdictional. See Price, 837 P.2d at 582-88. Subsequently, in State v. Ostler, 2000 UT App 28, 996 P.2d 1065 (Ostler I), this court recognized a narrow exception to the jurisdictional rule in Price We concluded that although district courts lack jurisdiction under Price to consider the merits of untimely motions to withdraw guilty pleas, we may review alleged violations of Rule 11 of the Utah Rules of Criminal Procedure,[3] which governs the taking of guilty pleas, for plain error. See Ostler I, 2000 UT App 28 at 118-10, 996 P.2d 1065.
15 The state appealed our ruling in Ostler I to the Utah Supreme Court, arguing that under Price, section 77-13-6(2)(b) is jurisdictional, and because the Ostler defendant failed to file a motion to withdraw his guilty plea within thirty days of the plea colloquy, this court lacked jurisdiction to review the *648 plea for plain error. The supreme court overruled this court's holding in Price that section 77-18-6(2)(b)'s thirty day limit ran from the plea colloquy and held the thirty day limit ran from the entry of a final judgment of conviction. See State v. Ostler, 2001 UT 68,¶ 11, 31 P.3d 528 (Ostler II ). Because the Ostler defendant had filed a motion to withdraw his guilty plea within thirty days of his conviction, the supreme court did not reach this court's holding in Price that seetion 77-138-6(2)(b) is jurisdictional or in Ostler I that Rule 11 violations are an exception to the jurisdictional bar and may be reviewed by this court for plain error. See Ostler II, 2001 UT 68 at ¶13, 31 P.3d 528.[4] However, the supreme court recognized that the "running of the thirty-day limit [of section 77-13-6(2)(b)] parallels the running of the thirty-day limit of filing a notice of appeal or petition for writ of certiorari under Rule 4 and Rule 48 of the Utah Rules of Appellate Procedure." Ostler IL,2001 UT 68 at 118 n. 3, 31 P.3d 5284 In Price, we emphasized that Utah appellate courts have held that the time limits in Rule 4 and Rule 48 are jurisdictional, barring appellate review if a notice of appeal or petition for certiorari is untimely. See Price, 837 P.2d at 582-83.
I 6 Recently in State v. Tarnawiecki, 2000 UT App 186, 5 P.3d 1222, we reached a defendant's plain error claim based on violations of Rule 11 although the defendant had failed to file a timely motion to withdraw her guilty pleas as required by section 77-13-6(2)(b). See Tarnawiecki, 2000 UT App 186 at ¶11, 5 P.3d 1222. However, we concluded we lacked jurisdiction to reach the defendant's ineffective assistance of counsel claim. See id. at 119 n. 7. We explained that while Ostler I allows this court to consider a plain error claim, "it does not provide any avenue to reach other legal errors asserted by [al defendant" when the defendant has failed to file a timely motion to withdraw his or her guilty plea. Id.
1 7 We conclude, given the rule of Ostler I, which was not clearly overruled by Ostler II, we can review a plain error claim based on a violation of Rule 11. However, under Price and Tarnawiecki, we lack any avenue to reach other claims when a defendant has failed to file a timely motion to withdraw his or her guilty plea as required by section 77-13-6(2)(b).
[ 8 In the present case, Defendant failed to file a motion to withdraw his guilty pleas within thirty days of his conviction as required by section 77-18-6(2)(b). Further, unlike the defendants in Ostler I and Tar-mawiecki, Defendant did not brief a plain error claim under Rule 11, but instead contends the trial court committed plain error under State v. Montoya, 910 P.2d 441 (Utah Ct.App.1996). Because Defendant's plain error claim is outside of the Ostler I exception, we lack jurisdiction to review the claim. We also "lack any legal basis to consider [Defendant's] ineffective assistance of counsel claim." Tarnawiecki,2000 UT App 186 at ¶ 19 n. 7, 5 P.3d 1222.
CONCLUSION
I 9 Because Defendant failed to file a timely motion to withdraw his guilty pleas as required by section 77-13-6(2)(b), we conclude we lack jurisdiction to consider Defendant's claims that the trial court committed plain error under Montoya and his counsel was ineffective. We accordingly dismiss this appeal.
1 10 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and GREGORY K. ORME, Judge.

. Defendant also appears to argue the pleas were invalid because the charges were based on the same acts in a single criminal episode. Defendant has failed to provide any legal authority or analysis to support his argument. Thus, we would not reach the merits of this argument even if we had jurisdiction. See State v. Gamblin, 2000 UT 44,-¶6, 1 P.3d 1108; Utah R.App. P. 24(a)(9).

. The State suggests we lack jurisdiction to consider Defendant's claims under State v. Johnson, 856 P.2d 1064 (Utah 1993), superceded in part by statute on other grounds as stated in State v. Tryba, 2000 UT App 230,¶¶ 18-19, 8 P.3d 274. In Johnson, the Utah Supreme Court held that on direct appeal a defendant could not raise a claim that his guilty pleas were void due to the district court's failure to determine if there were factual bases for the pleas. See id. at 1067. Although the defendant in Jo/mson, like Defendant in this case, did not file a motion to withdraw his guilty pleas, see id., it is not clear that the defendant in Johnson raised plain error as an avenue of appellate review.

. In relevant part Rule 11 provides:
(e) The court ... may not accept [a guilty] plea until the court has found:
[[Image here]]
(4) (A) the defendant understands the nature and elements of the offense to which the plea is entered, that upon trial the prosecution would have the burden of proving each of those elements beyond a reasonable doubt, and that the plea is an admission of all those elements; (B) there is a factual basis for the plea. A factual basis is sufficient if it establishes that the charged crime was actually committed by the defendant or, if the defendant refuses or is otherwise unable to admit culpability, that the prosecution has sufficient evidence to establish a substantial risk of conviction.
Utah R.Crim. P. 11.

. Given the supreme court's references to Rules 4 and 48, the plain error exception recognized in Ostler I may surely be questioned.