2002 UT App 323

**STATE of Utah, Plaintiff and Appellee,**

v.

**Wallace DEAN, Defendant and Appellant.**

**No. 20000340–CA.**

Court of Appeals of Utah.

Oct. 3, 2002.

J. Bryan Jackson, Cedar City, for Appellant.

---

Mark L. Shurtleff, Attorney General, and Jeanne B. Inouye, Assistant Attorney General, Salt Lake City, for Appellee.

Before JACKSON, P.J., and BENCH and GREENWOOD, JJ.

## OPINION

JACKSON, Presiding Judge:

## BACKGROUND

¶ 1 On March 8, 2000, Dean pleaded guilty to one count of child abuse, a second degree felony, one count of child abuse, a class A misdemeanor, and assault, a class B misdemeanor. In connection with his plea, he executed a statement that detailed the constitutional rights he was waiving. Dean initialed each paragraph of the statement. Before accepting his guilty pleas, the trial court asked Dean if he had read the statement that he had executed and initialed each of the paragraphs. Dean answered affirmatively, and proceeded to plead guilty to the above-listed charges. Dean was not advised, either in his signed statement or by the trial court, that he was waiving not only his right to a jury trial, but also his right to a speedy trial before an impartial jury.

¶ 2 On April 10, 2000, Dean filed a motion to withdraw his guilty plea. He argued that the trial court failed to strictly comply with rule 11 of the Utah Rules of Criminal Procedure in two ways. He first argued, incorrectly, that he had not been advised of the time limit for filing a motion to withdraw his guilty plea. However, the court did advise him of the thirty-day deadline. He did not specify the basis for the second violation. On April 11, 2000, Dean was convicted and sentenced after the trial court denied his motion to withdraw his guilty plea. He appeals that denial and his conviction.

## ISSUE AND STANDARD OF REVIEW

¶ 3 Dean argues for the first time on appeal that the trial court committed plain error because he was never advised of his right to a *speedy* trial by an *impartial* jury, as opposed to a mere trial by a jury. Dean filed a motion to withdraw his guilty plea, but

on appeal challenges the denial of that motion "for the first time on appeal [on the basis] that the trial court failed to inform him of his right[s] to a speedy trial" and an impartial jury. *State v. Hittle*, 2002 UT App 134, ¶ 5, 47 P.3d 101. Thus, he "must show [that the trial court committed] plain error. To succeed on a claim of plain error, a defendant has the burden of showing (i)[a]n error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful." *Id.* (quotations and citations omitted).

## ANALYSIS

### I. Jurisdiction

¶ 4 Before reaching the issue Dean raises, we address the State's argument that we lack jurisdiction to review Dean's plain error argument. In order to effectively address the State's jurisdictional challenge, we first sketch Utah's previous decisions relating to challenges to guilty pleas.

¶ 5 In *State v. Gibbons*, the supreme court held that "Rule 11(e) squarely places on trial courts the burden of ensuring that constitutional and Rule 11(e) requirements are complied with when a guilty plea is entered." 740 P.2d 1309, 1312 (Utah 1987).[1] However,

[i]n *Gibbons*, the Supreme Court determined that a defendant could not simply appeal a conviction based on a guilty plea. Rather, defendant must first file a motion to withdraw [his] plea, giving the court who took the plea the first chance to consider defendant's arguments. If the motion is denied, defendant could then appeal—not from the conviction per se, but from the denial of the motion.

*Summers v. Cook*, 759 P.2d 341, 342–43 (Utah Ct.App.1988). If a defendant fails to file a motion to withdraw his guilty plea, he may only attack his guilty plea collaterally. *See id.*

¶ 6 Once a guilty plea has been entered, a defendant has thirty days from "the entry of final judgment of conviction at the district

---

1. "In *Gibbons,* this court adopted a 'strict compliance' test which superseded the 'record as a whole' test traditionally applied on review in

cases dealing with knowing and voluntary guilty pleas." *State v. Maguire,* 830 P.2d 216, 217 (Utah 1991).

court" to file a motion to withdraw his plea. *See State v. Ostler*, 2001 UT 68, ¶ 11 & n. 3, 31 P.3d 528 (*Ostler II* ). We have previously held that the time limit on withdrawing a guilty plea is jurisdictional. *See State v. Price*, 837 P.2d 578, 582–84 (Utah Ct.App. 1992). "Accordingly, if a defendant is advised of the deadline when the plea is entered, the trial court lacks jurisdiction to consider a motion to withdraw filed after the thirty-day period." *State v. Canfield*, 917 P.2d 561 (Utah Ct.App.1996). Nevertheless, "in *State v. Ostler*, 2000 UT App 28, 996 P.2d 1065 (*Ostler I* ), this court recognized a narrow exception to the jurisdictional rule in *Price*. We concluded that although district courts lack jurisdiction under *Price* to consider the merits of untimely motions to withdraw guilty pleas, we may review alleged violations of Rule 11 of. the Utah Rules of Criminal Procedure ... for plain error." *State v. Melo*, 2001 UT App 392, ¶ 4, 40 P.3d 646; *accord State v. Tarnawiecki*, 2000 UT App 186, ¶ 11, 5 P.3d 1222.

¶ 7 The supreme court recently eliminated this exception to the jurisdictional rule, stating that because the appellant failed to file a motion to withdraw his guilty plea, the court lacked jurisdiction to address his challenge to the plea, even for plain error. *See State v. Reyes*, 2002 UT 13, ¶¶ 3–4, 40 P.3d 630 ("This court may choose to review an issue not properly preserved for plain error. It cannot, however, use plain error to reach an issue over which it has no jurisdiction." (Internal citation omitted.)). Thus, the supreme court declined to hear Reyes's plain error argument, which directly attacked his guilty plea. *See id.*

¶ 8 Citing *Reyes*, the State asserts that because Dean's motion to withdraw his plea "did not claim the errors now alleged on appeal," his motion was somehow insufficient to allow appellate jurisdiction. Thus, the State argues that Dean's appeal amounts to

nothing more than a direct attack on his guilty plea rather than a challenge to the denial of his motion to withdraw.

¶ 9 However, in *Reyes*, the supreme court did not address the sufficiency of a motion to withdraw a guilty plea. Rather, it stated that the defendant must file his motion within the thirty-day deadline. *See id.* Unlike the defendant in *Reyes*, Dean filed a timely motion to withdraw his guilty plea. Thus, although Dean failed to specify the basis for his motion to withdraw, the supreme court's ruling in *Reyes* does not preclude this court from reviewing his plain error argument. Accordingly, we review his challenge under the plain error standard.

## II.  Plain Error

¶ 10 Dean argues for the first time on appeal that the trial court committed plain error because he was never advised of his right to a *speedy* trial by an *impartial* jury, as opposed to a mere trial by a jury. As we concluded in *Hittle*, which discussed identical issues, "[t]he trial court did not strictly comply with rule 11 because it failed to advise Defendant of his right[s] to a speedy [public] trial [and an impartial jury] either orally or in the plea affidavit. Therefore, the trial court erred." [2]  *Hittle*, 2002 UT App 134 at ¶ 6, 47 P.3d 101 (concluding the trial court erred after analyzing *Tarnawiecki* ).

¶ 11 The State argues that *State v. Martinez*, 2001 UT 12, 26 P.3d 203 "is inconsistent with the decision[s] in *Tarnawiecki* [and *Hittle* ] and, by implication, overrules" them. It contends that "nothing [in *Martinez*] ... suggested that the trial court had used the terms *impartial* and *speedy*, [yet] the [supreme court] nonetheless held that the colloquy 'strictly complied' with rule 11." However, nothing in *Martinez* suggests that the trial court had *not* used these terms in the plea colloquy. Moreover, whether the rights these terms convey were communicated to

2.  The State correctly notes that "[s]trict compliance ... does not mandate a particular script or rote recitation of the rights listed." *State v. Visser*, 2000 UT 88, ¶ 11, 22 P.3d 1242 (*Visser II* ). However, " 'the trial court [must] ... establish *on the record* that the defendant knowingly waived his or her constitutional rights,' " *id.* (citation omitted), to a " 'speedy public trial before an impartial jury.' " *Id.* at ¶ 10 (quoting Utah R.Crim. P. 11(e)). This is a greater right than a

mere right to a jury trial. Thus, although the terms "impartial" and "speedy" may be communicated by various means to the defendant, they may not be considered merely inconsequential modifiers to the jury trial right. Here, nothing in the record suggests the trial court established that Dean knowingly waived anything more that a right to a potentially partial and delayed jury trial.

the defendant in *Martinez* was not an issue before the court in that case. *See id.* Thus, we cannot say that *Martinez* overrules *Tarnawiecki* and *Hittle*.

¶ 12 Next, "in light of [*State v. Visser*, 1999 UT App 19, 973 P.2d 998 (*Visser I*), rev'd on other grounds by *Visser II*, 2000 UT 88, 22 P.3d 1242 [3]] and Rule 11, the error should have been obvious to the trial court." *Tarnawiecki*, 2000 UT App 186 at ¶ 18, 5 P.3d 1222.

Finally, the trial court's omission was harmful because the omission dealt with a substantial constitutional right. It is well established under Utah law that we will presume harm under plain error analysis when a trial court fails to inform a defendant of his constitutional rights under rule 11. *See, e.g., Tarnawiecki*, 5 P.3d 1222, 2000 UT App 186 at ¶ 18 (presuming harm when trial court failed to inform Defendant that she was entitled to a "speedy trial before an impartial jury"); *State v. Ostler*, 2000 UT App 28, ¶¶ 25–26, 996 P.2d 1065 (presuming harm where trial court failed to inform defendant that he would waive certain constitutional rights by pleading guilty)....

*Hittle*, 2002 UT App 134 at ¶ 9, 47 P.3d 101 (first citation omitted). Accordingly, the trial court committed plain error by failing to advise Dean of his right to a speedy trial before an impartial jury.[4]

---

**3.** The dissent argues that *"Tarnawiecki's* reliance upon [*Visser I*] is ... suspect given that *Visser I* was reversed by the Utah Supreme Court in [*Visser II*]." However, *Visser II* was decided on November 14, 2000, after both *Tarnawiecki*, which was decided on June 15, 2000, and the trial court's denial of Dean's motion to withdraw his guilty plea on April 11, 2000. Thus, the trial court in this case was still constrained by *Visser I* as of the date of its denial of Dean's motion to withdraw.

Moreover, the supreme court reversed *Visser I* not because a defendant is not entitled to be informed of his right to a speedy trial before an impartial jury, but because the record in that case reflected that Visser had been informed of his rights. In *Visser II*, the supreme court held that the trial court's colloquy, *in light of the mid-trial context of the plea*, provided an adequate basis in the record to conclude that the trial court strictly complied with rule 11.... [T]he record details Visser's personal trial experience up to the point of his plea agreement. We conclude that this experience communicat-

**CONCLUSION**

¶ 13 "Because the trial court committed plain error in advising [Dean] of his rights, we reverse [the denial of Dean's motion to withdraw his plea, vacate his conviction] and remand for proceedings consistent with this opinion." *Id.* at ¶ 11.

¶ 14 I CONCUR: PAMELA T. GREENWOOD, Judge.

BENCH, Judge (dissenting):

¶ 15 I respectfully dissent. I cannot say that the trial court "plainly erred" in not advising Defendant of his right to a "speedy" trial by an "impartial" jury.

¶ 16 To establish plain error a defendant must show that " '(1) an error exists; (2) the error *should have been obvious* to the trial court; and (3) the error was harmful....' " *State v. Ross*, 951 P.2d 236, 238 (Utah Ct. App.1997) (citation omitted) (emphasis added). "Utah courts have repeatedly held that a trial court's error is not plain where there is no settled appellate law to guide the trial court." *Id.* at 239; *see also State v. Braun*, 787 P.2d 1336, 1341–42 (Utah Ct.App.1990) (rejecting a claim of plain error where " 'the trial court did not have the benefit of [a later] appellate decision' " (citation omitted) (alteration in original)). I disagree with the majority's conclusion that the trial court's

ed at least as much as would the mere oral recitation of the "right to a speedy public trial before an impartial jury."

*Visser II*, 2000 UT 88, ¶ 13, 22 P.3d 1242 (emphasis added).

In the present case, Dean's plea was not taken in a mid-trial context. Because the trial court's colloquy was given in a mid-trial context and there was no indication that the trial had been delayed, the supreme court in *Visser II* assumed that Visser had already received the benefit of his speedy trial right. *See id.* at ¶ 14. Similarly, the supreme court held that Visser's participation in his own jury selection process was instrumental in ensuring that his plea was voluntary. *See id.* at ¶ 16. In the present case, Dean's trial had not yet begun, and the jury had not yet been selected. Thus, we cannot say that the record in this case reflects "at least as much as would the mere oral recitation of the 'right to a speedy public trial before an impartial jury.' " *Id.* at ¶ 13.

**4.** In light of this decision, we decline to address Dean's remaining arguments.

error in not advising Defendant of his rights should have been obvious to the trial court in light of *State v. Hittle,* 2002 UT App 134, 47 P.3d 101, and *State v. Tarnawiecki,* 2000 UT App 186, 5 P.3d 1222. Both of these cases were decided after Defendant in this case had entered his plea. Therefore, I fail to see how these decisions could have been obvious to the trial court. *Tarnawiecki's* reliance upon *State v. Visser,* 1999 UT App 19, 973 P.2d 998, (*Visser I*), is also suspect given that *Visser I* was reversed by the Utah Supreme Court in *State v. Visser,* 2000 UT 88, 22 P.3d 1242 (*Visser II*).

¶ 17 The law in this area remains unclear and unsettled. There is some question as to whether we even have jurisdiction to address Defendant's rule 11 arguments. *See* Utah R.Crim. P. 11. Defendant entered his plea on March 8, 2000 and moved to withdraw it 33 days later, on April 10, 2000. After denying his motion, the trial court sentenced Defendant on April 11, 2000. *State v. Ostler,* 2001 UT 68, ¶ 11, 31 P.3d 528, held that "the thirty-day limitation on filing a motion to withdraw a plea of guilty or no contest runs from the date of final disposition of the case" and not from the date of the plea colloquy. However, in a later case, *State v. Reyes,* 2002 UT 13, ¶ 3, 40 P.3d 630, the Utah Supreme Court concluded that it lacked jurisdiction to entertain the defendant's rule 11 arguments because the defendant "did not move to withdraw his guilty plea within thirty days *after the entry of the plea.*" (Emphasis added.) Although *Reyes* cites *Ostler,* I cannot say that *Reyes* overruled *Ostler. See State v. Menzies,* 889 P.2d 393, 398–99 (Utah 1994) (discussing the standard for overruling precedent).

¶ 18 Furthermore, there is some question as to whether a trial court must use the terms "speedy" trial and "impartial" jury, in order to strictly comply with the requirements of rule 11. In *State v. Martinez,* 2001 UT 12, ¶ 22, 26 P.3d 203 and *Visser II,* our supreme court seems to intend to overrule *Tarnawiecki* and its progeny, but this was never done expressly. I therefore cannot

say that *Tarnawiecki* and *Hittle* have been overruled. *See Menzies,* 889 P.2d at 398–99.

¶ 19 In *Martinez,* the Utah Supreme Court concluded that the district court strictly complied with rule 11 by informing the defendant about "the right to a jury trial." 2001 UT 12 at ¶¶ 22–25, 26 P.3d 203. No use of the words "speedy" trial or "impartial" jury were needed to meet the requirements of rule 11. In *Visser II,* the supreme court stated that "[s]trict compliance, ... does not mandate a particular script or rote recitation of the rights listed" and "[s]trict compliance does not require a specific method of communicating the rights enumerated by rule 11." *Visser II,* 2000 UT 88 at ¶¶ 11, 13, 22 P.3d 1242. The court then proceeded to conclude that the trial court strictly complied with rule 11 although it did not specifically inform the defendant of his " 'right to a speedy public trial before an impartial jury.' " *Id.* at ¶ 13.

¶ 20 In contrast, *Tarnawiecki* concluded that the trial court plainly erred when it failed to specifically inform the defendant of her right to a speedy trial before an impartial jury. *See Tarnawiecki,* 2000 UT App 186 at ¶¶ 16–20, 5 P.3d 1222. *Tarnawiecki* relied upon the court of appeals decision in *Visser I,* which the supreme court later reversed in *Visser II. Hittle* then relies upon *Tarnawiecki,* in concluding that "the trial court ... [plainly erred by failing] to advise [d]efendant of his substantial constitutional right to a speedy trial." *Hittle,* 2002 UT App 134 at ¶ 10, 47 P.3d 101.

¶ 21 Because the cases in this area are so inconsistent, the supreme court should reevaluate the caselaw and set up some baseline rules that are clear and easy to follow. In so doing, it should expressly overrule inconsistent cases.[1]

¶ 22 Based on the foregoing, I cannot say that the trial court plainly erred. I would therefore affirm.

---

1. Controversies such as the one before us should be relatively easy to avoid as a practical matter. The problem we now face could have been avoided if the plea agreement had exactly tracked the rights mentioned in rule 11. In the modern era of word processing and computers, it would not be difficult to modify existing forms (or prepare new ones) that precisely track a defendant's rule 11 rights.